**E. G. AYCOCK et ux., Appellants,**

v.

**CITY OF FORT WORTH, Appellee.**

No. 16451.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 4, 1963.

Rehearing Denied Nov. 1, 1963.

E. G. Aycock, Fort Worth, for appellants.

S. G. Johndroe, Jr., City Atty., Jerome H. Parker, Jr., and Joseph J. Minton, Jr., Asst. City Attys. Fort Worth, for appellee.

MASSEY, Chief Justice.

Suit was brought by the City of Fort Worth as plaintiff, to recover several years of delinquent ad valorem taxes of defendants E. G. Aycock and wife. After issues were joined by the pleadings the City moved for summary judgment. Upon a hearing such character of judgment was rendered. Appeal was taken therefrom.

Judgment reversed and cause remanded for trial.

For convenience the City of Fort Worth will hereinafter be termed as the authority. Defendants Aycock et ux. will be treated in the singular and termed the taxpayer.

In the ordinary trial of a suit by a taxing authority against a taxpayer for ad valorem taxes a prima facie case, on the validity of the assessed valuations upon which the tax liability would be founded, is made by introducing into evidence the official records. These would be the official tax rolls. Where summary judgment is sought in such a proceeding, the moving party being the authority, we think the affidavit of the official having custody of the rolls, exhibiting what is reflected by them and their availability for introduction in evidence upon a trial on the merits, would suffice to establish a prima facie case for purposes of the proceeding. It was by such affidavit that the authority did purport to make out its prima facie case. Of course, it is to be noticed that copies of papers or parts thereof referred to in such an affidavit should be attached or served, and themselves sworn to or certified. Texas Rules of Civil Procedure, rule 166–A(e), "Summary Judgment". A prima facie case was probably made out except for an error in the authority's proof upon the amount of arrears in taxes and penalties. Such proof was relative to an elapsed time which covered a greater number of years than the time declared upon in the authority's pleadings. We write on this in the latter part of the opinion.

We initially consider the propriety of summary judgment awarding taxes (what the taxpayer contends was "excess" taxes) for any portion of the period covered by the authority's pleadings. Basic attack thereupon by the taxpayer is applicable to that portion of such taxes he deemed excessive. It is only as applied to what he deems "excess" that he is defending against the authority's claim, since his objective is to have the "excess" eliminated from his tax obligation. In resolving the question we must examine the state of the taxpayer's pleadings and also his counter-affidavits, etc. filed in opposition to the motion for summary judgment.

The taxpayer, among other defenses, plead illegality of the procedure (as to each tax period) by and under which his property was valued for assessment in that the value thereof was not ascertained in accordance with legal requirements. He plead that he had rendered his property for tax purposes, had objected to the recommended

increases in his valuation by the assessor, and had appeared before the board of equalization at each hearing set for the purpose of considering evidence upon the matter of proper evaluation of his property. At said hearings, averred the taxpayer, he had substantiated the valuation upon which he had made his several renditions by legal evidence, to be countered not at all or in any respect by contradictory evidence that his property had the greater value recommended by the tax assessor. By reason thereof it is contended that the authority's right to taxes for each year is limited by the taxpayer's rendition and the only evidence heard. Nevertheless, averred the taxpayer, each hearing ended with the board declaring its quasi-judicial decision fixing the valuation of his property at more than 50% than was supported by any evidence, the whole of the evidence in every instance having been his own.

It is our opinion, from inspection of the counter-affidavit of the taxpayer, filed in opposition to the taxing authority's motion for summary judgment, that the same adequately supported the allegations of the taxpayer's pleadings in respect to the matters stated in the foregoing paragraph so as to make issues of fact for trial. Further, we believe that he raised issues upon the question of whether he was thereby materially prejudiced. Therefore the taxpayer has shown that he is entitled to a trial and that summary judgment against him was erroneous.

■ Despite the provisions in Vernon's Ann.Texas Rev.Civ.St. Art. 7329, "Defense to tax suits",—which purport to confine a defendant in a suit for delinquent taxes to defenses that he did not own the land sought to be taxed, had already paid the taxes claimed, or that the taxes sought were in excess of the limit allowed by law,—it is settled that the provisions of said article do not have validity operable to prevent a defendant taxpayer from presenting those additional defenses to such a suit which are guaranteed him under any provision in our State Constitution. See Vance v. Town of Pleasanton, 1924 (Tex.Civ.App., San Antonio), 261 S.W. 457, and Town of Pleasanton v. Vance, 1925 (Tex.Com.App.), 277 S.W. 89, opinion adopted. The statement and holdings therein to this effect are fundamental to the law of this state.

■ The taxpayer in the instant case was not cut off from presenting the defense he plead, upon which he raised an issue or issues of fact by his counter-affidavit. The defense was vouchsafed to him in our State Constitution, Vernon's Ann.St. in Art. VIII, "Taxation and Revenue", § 1, "Equality and uniformity; * * *", which provides that the taxable value of property shall be ascertained as may be provided by law. It was in obedience to the mandate of this provision that the Legislature provided the method for ascertaining the taxable values of property by enacting statutes, including Art. 7211, "Equalization of assessments", and Art. 7212, "Boards may equalize". A property owner may invoke these statutes to defeat a suit for taxes not ascertained as thereunder provided, notwithstanding other statutes which would deny him such defense. See the Court of Civil Appeals opinion in Vance v. Town of Pleasanton, supra. This constitutional guaranty follows and is controlling of the method the Legislature has prescribed for ascertaining taxable values and is to be considered in connection therewith. That the taxing authority in the instant case was a City under the Home Rule Amendment would give it no greater latitude in respect to the machinery of taxation or the controls regulating such in our Constitution and statutes, for as the state and county government is confined so it is likewise confined. The control persists no matter the form of ordinance such a City might enact bearing provisions purporting to evade it.

■ Of course, a taxpayer who delays in taking action, foregoing a direct attack by way of injunctive relief, etc., and awaiting a suit for delinquent taxes to be filed against him (wherein he presents his defenses

through the avenue of collateral attack), incurs a greater burden in his attempt to prevail against the authority seeking taxes of him in a suit brought therefor. State v. Whittenburg, 1954, 153 Tex. 205, 265 S.W.2d 569.

■ Nevertheless, such a taxpayer is not deprived of the right to prevail if he can prove fraud, want of jurisdiction, illegality or the adoption of an arbitrary and fundamentally erroneous plan or scheme of taxation by the authority (generally, and including his property,—or specifically as applied to his property), provided he furthermore proves that thereby and by reason thereof, through the application of said plan or scheme he will be or was prejudiced and caused to suffer substantial injury. Whaley v. Nocona Independent School District, 1960 (Tex.Civ.App., Fort Worth), 339 S.W.2d 265, error refused.

Disregarding portions of the counteraffidavit, filed in opposition to the authority's motion for summary judgment, it is not to be doubted that the taxpayer did therein present in proper form his proof, available for introduction upon a trial on the merits, which proof met legal requirements which inhibited rendition of summary judgment against him. We have heretofore discussed the taxpayer's pleadings, particularly the portion thereof under which we deem the evidence of his available proof to be sufficient.

■ We are furthermore of the opinion that summary judgment was improper for an additional reason. Though the plaintiff's petition, exhibiting the authority's action for taxes, averred the taxpayer's liability for the years 1952 to 1957, inclusive, the prima facie case made out for summary judgment was for the total amount of taxes claimed of the taxpayer on the same property for the years 1952 to 1959, inclusive, without exhibiting what part of the whole total amount of taxes constituted the accrued tax liability for the years 1952 to 1957, inclusive. In other words it was not

possible, absent speculation, to determine the amount of taxes due for the years 1952 to 1957, inclusive, because the evidence was not calculable as confined to such period. Therefore, even should we be of the opinion that summary judgment would have been proper for the shorter period (reflected in the plaintiff's petition) and that error in the judgment existed only in respect to having additionally awarded judgment for taxes covering 1958 and 1959, as the judgment did, we could not reform and affirm.

■ The authority argues that since the summary judgment decree indicates that the trial court heard evidence, connotated by recitation therein in a form, thus: "* * * and after having considered the evidence, pleadings on file, affidavits, and arguments of counsel, the court finds that there is an absence of any genuine issue * * *", it would be proper to treat the taxpayer's liability for the 1958 and 1959 taxes as having been properly tried or considered under the provisions of T.R.C.P. rule 67, "Amendments to Conform to Issues Tried Without Objection". While it has not heretofore been specifically so held, we believe and hold that Rule 67 would not have application to a motion for summary judgment so as to support a decree granting any affirmative relief beyond the scope of a movant's pleadings. That this is correct legal logic is obvious when consideration is given to instances in which Rule 67 has been considered in a test of its application, the applicable rule of law prior to its adoption, and the purposes it was intended to serve. See also McDonald, Texas Civil Practice, p. 1397, "Judgments", § 17.27, "Judgment After Trial. A. Conformity to Pleadings and Nature of Case Proved". Summary judgments entered on application of one moving for affirmative relief are controlled by T.R.C.P. 301, "Judgments".

The summary judgment is reversed and the cause remanded for trial.

LANGDON, J., not participating.