Betty M. STEIN, Ind. and as Adm. of Estate
of R. L. Minyard, Dec., et al., Appellants,

v.

**LEWISVILLE INDEPENDENT SCHOOL
DISTRICT et al., Appellees.**

No. 17312.

Court of Civil Appeals of Texas,
Fort Worth.

May 12, 1972.

Rehearing Denied June 9, 1972.

**437**

Betty M. Stein, for appellants.

Gerald E. Stockard, Denton, for appellee, Lewisville Independent School Dist.

Richard H. Kelsey, Denton, for appellee, City of Lewisville.

OPINION

MASSEY, Chief Justice.

The Lewisville Independent School District and the City of Lewisville obtained judgment for delinquent taxes against Betty M. Stein, Individually and as Adminis-

tratrix of the Estate of R. L. Minyard, Deceased, Barbara Dian Meyer (nee Minyard) and Bob Lee Minyard, and for foreclosure of tax liens, plus amounts as attorney's fees. From such judgment an appeal was taken.

Affirmed as to taxes and foreclosure; reversed and remanded as to attorney's fees, with severance directed pursuant thereto.

Upon conclusion of the evidence in the case the City and the School District moved for instructed verdict upon the whole case, as follows:

"1.

"Plaintiff and Intervenor (the City of Lewisville) have stated and established a prima facie case by introduction into evidence of the assessment of ad valorem taxes and the further testimony that the same remain unpaid.

"2.

"Defendant has failed to meet the requirements of the Constitution of the State of Texas as contained in Article 8, Section 1–d [Vernon's Ann.St.] in one or all of the following respects:

"(a) Defendant has failed to show that a sworn claim of agricultural exemption has been made under the provisions of 'b' of said constitutional amendment.

"(b) Further, defendant has failed to show that the property has been used for agricultural purposes as defined in said constitutional amendment; specifically, the defendant has failed to show that farming is her principal occupation and source of income. On the contrary, defendant has shown by her own evidence that her primary source of income is rental income not from the subject plant. Further, and as an additional ground for the motion for instructed verdict, defendant has failed to show under subsection 'e' of the said constitutional amendment that the land in question for three successive years immediately preceding the assessment date has been exclusively devoted to agricultural use as set forth in the constitutional amendment."

The trial court sustained the motion and in a written charge to the jury directed return of verdict against the defendants for (a) the Lewisville Independent School district in the amount of $4,456.09, plus 10% as attorney's fees, and (b) for the City of Lewisville in the amount of $2,448.46, plus 10% attorney's fees. Based thereon the court then proceeded on September 23, 1971 to render judgment for said amounts and for foreclosure. Obedient to provisions of Vernon's Ann.Tex.Civ.St., Art. 7326a, "All taxes, penalties and interests to be included" the judgment included the 1971 taxes (though not actually delinquent) prorated to date of the judgment by the measure therein provided.

The property involved was 48.45 acres of land in one tract, though lying in two different surveys in Denton County, Texas. By an "addendum" to judgment, dated October 13, 1971, the trial court found, under the requirement of Section 5 of V.A.T.S., Art. 7345b, that the reasonable fair value of the property sought to be foreclosed upon for delinquent ad valorem taxes was, as of time of the trial, the sum of $4,000.00 per acre. It is noted in the record that prior to time of the trial an offer of $5,000.00 per acre had been refused by the defendants. Note text of 54 Tex.Jur.2d, p. 405, Sec. 176, "Trial; Finding as to value of property."

In a review of the record we are struck by the forbearance of the School District and the City to take any advantage of the fact that the defendants, none of whom are attorneys, made mistakes of which rights at law might have been advantageously claimed. For example, there was no denial of the allegations against them by any defendant in the original answer filed by them *pro se,* and only Mrs. Betty Stein, mother of the other two defendants (now, and at time of the suit above the age of 21

years), having filed an answer in which there was denial of the claim for taxes. Yet neither the School District or City sought judgment against the defendants other than Mrs. Stein in view of the deficiency of pleadings, but elected to treat all the defendants as having joined issue for purposes of trial and judgment. There were other instances of like tenor. Never have we seen plaintiffs so careful to refrain from taking advantage of defendants' mistakes or deficiencies.

 There are limits, of course, and despite the forbearance of the parties (adversary under our system of jurisprudence) this court is bound to apply the law and rules of procedure without consideration of who the parties might be or how inadequate their representation, in complete equality of treatment under the law. In other words we may not give Mrs. Stein any special consideration because she is a widow, is attempting to represent herself —and her grown children—without the aid of an attorney, and has overlooked matters which might have been of some benefit had there been adequate pleadings and proof. We must treat the case as though her acts and her failure to act occurred with benefit of licensed counsel.

This case is one where the defendants, as taxpayers, because of their delay in taking action, i. e. foregoing a direct attack upon assessments by way of seeking injunctive relief, etc., and awaiting a suit for delinquent taxes to be filed (wherein the defenses presented are through the avenue of collateral attack), have incurred a greater burden in their attempt to prevail against the taxing authorities' suit for taxes than would otherwise obtain. State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569 (1954). See also 54 Tex.Jur.2d, pp. 394–403, Sec. 173, "Establishment of prima facie case", and Sec. 174, "Defenses".

 The taxing authorities made out the requisite *prima facie* case and it was not rebutted. Hence the requirements of requisite proof pertaining to the situation of the defendants, if they might hope to prevail in any degree to defeat any part of the taxes sought of them, is stated in detail in State v. Whittenburg, supra. In somewhat abbreviated form such requirements are likewise stated in the case of Bass v. Aransas County Independent School Dist., 389 S.W.2d 165, 170 (Corpus Christi, Tex.Civ.App., 1965, writ ref., n. r. e.), as follows: "The rule has been definitely established in Texas that where an aggrieved taxpayer fails to avail himself of the affirmative remedies of injunction and mandamus to prevent a taxing authority from putting an invalid and arbitrary plan of taxation into effect, but waits until suit is brought against him for delinquent taxes, his right to relief is limited. Once such a plan is put into effect, in the absence of a showing, by comparison of the assessments against his property with assessments against other like property, of a gross discrimination against him, the land owner may defeat recovery of taxes only to the extent that they are excessive, and he must assume the burden of proving excessiveness. He must show that the use of such a plan worked to his substantial injury, and the extent of such injury." On this principle *Bass* is cited as authority in Alamo Barge Lines, Inc. v. City of Houston, 453 S.W.2d 132 (Tex.Sup., 1970).

 We applied the principles of law thus stated to the case of Aycock v. City of Fort Worth, 371 S.W.2d 712 (Fort Worth, Tex.Civ.App., 1963, writ ref., n. r. e.). Under these principles it has been specifically held that a taxpayer who seeks to invoke a constitutional provision to exempt him from a tax liability has the burden of proof to show that he comes within its requirements and is thus exempted. Driscoll Foundation v. Nueces County, 445 S.W.2d 1 (Beaumont, Tex.Civ.App., 1969, writ ref., n. r. e. as to Driscoll Foundation at 450 S.W.2d 320 (Tex.1969) ).

The School District and the City made out their requisite *prima facie* case for taxes, penalties, and attorney's fees under the standard procedure common to suits

for delinquent taxes. In no way was such *prima facie* case rebutted. Thus the situation was resolved into one where the taxing authorities were entitled to their judgments (except for attorney's fees) without necessity of submitting special issues to the jury. Of course what has just been said would not apply to the submission of special issues to the jury upon any affirmative defense to the imposition of taxes, if raised by the defendants' pleadings and their evidence. Such defenses would be those mentioned in the foregoing authorities.

There is grave question as to whether the answer of the defendant, Mrs. Stein, Individually and as Administratrix, ever claimed that there was any excess in the taxes sued upon beyond the limit allowed by law. Certainly she did not plead that the assessments against the subject property were arbitrary or discriminatory. In any event nothing in the evidence amounted to proof of any proper defense even had such been plead.

■ Mrs. Stein did not plead illegality in any assessment in that, as applied to taxes after December 31, 1968 (pursuant to the Texas Constitutional Amendment adopted in 1966 and being in Vernon's Texas Constitution Annotated, Art. 8, Sec. 1–d, "Assessment of lands designated for agricultural use."), the subject property was of the character to which the constitutional article had application. Of course, if such had been plead and if evidence had been placed in the record in substantiation of that pleading there would have been a fact issue for the jury, provided the excess in taxes for the material times was established (or computable) from additional proof. The burden of such pleading and proof, under our system of practice, is borne by the taxpayer. Such constitutes what is commonly referred to as an affirmative defense, the burden of proof upon which the law places on him who would assert it.

In the forbearance already referred to the School District and the City desisted from any complaint of the state of Mrs. Stein's pleadings and from the state of the pleadings filed in behalf of her children, and allowed treatment of all pleading as though the issue under discussion was raised thereby. It was only after the evidence was concluded and the case rested as to all parties that they filed their Motion for Instructed Verdict. Said motion referred the court to the proof alone. In light of the motion we have referred to the whole of evidence in the Statement of Facts and even to such which does not appear therein but which Mrs. Stein contends should have been incorporated. Not only did the proof of Mrs. Stein and the other defendants fail to show that the subject property qualified as having the character of use to which the Constitutional Article has application (by virtue of use and/or by reason of a use thereof for agricultural purposes the primary occupation and source of income for the defendants, or any of them) but the contrary was affirmatively shown in the cross-examination of their witnesses. The undisputed evidence showed that the property taxed was not used by them for agricultural purposes, and also that any use of the property for agricultural purposes by others was not the primary occupation of, nor source of income for, the defendants or any of them.

■ In view of what is written hereinabove, there was no error in sustaining the Motion for Instructed Verdict, save and except for the matter of attorney's fees, which will be hereafter discussed.

■ We will make mention of the fact that the appellants, or Mrs. Stein, filed an appellants' brief in which 34 points of error are stated. Although we generally overrule them, we will make mention of some. There is complaint of a failure to grant a continuance on two (or perhaps three) different occasions, on none of which was there any written motion pre-

pared and filed. There was complaint of the refusal of the trial court to grant the defendants a summary judgment, when the time of such refusal antedated the time of the trial from which the appeal was taken. Of course no appeal is proper from a refusal to grant a judgment of this character, and even if there were the time had passed within which any appeal could have been taken. There was a complaint that a judge who was not the judge who tried the case on its merits should have disqualified himself, an act which would be pointless. There was what was claimed to be a motion to disqualify the attorney for the School District as counsel in the case, but there was no hearing and no record relative thereto; furthermore, in view of the nature of disposition of the case there could be no error even if such counsel might have been disqualified (which is near inconceivable). There is complaint that the statement of facts did not conform to the truth, yet if it should be altered so as to conform to that condition which defendants represent it should have been no ruling of this court upon any point of error would be changed or affected. There are many other matters of complaint by points of error, and many of them relate to events and times antedating the trial of the case on its merits, which even if justified would have no bearing upon our determination relative to reversible error. Of those pertaining to the case on its merits there is complaint of most of the events on trial and of the rulings of the court on evidence, etc., and even of several matters or circumstances which did not come into being; the complaint in such cases being because they did not occur, or because the School District or City did not cause their occurrence.

We will particularly mention a matter recurrent through the argument under several points, to-wit: the refusal of the trial court to admit into evidence a certain judgment of dismissal dated August 10, 1970. It was in a case styled The State of Texas et al. v. Bettie M. Stein, Administratrix of the Estate of R. L. Minyard, Deceased, and being Causes No. 68–265 and No. 17,776 in a different District Court from that of the trial of the case on appeal. The order recites that the cases, so styled, "are hereby dismissed with prejudice for lack of prosecution". We are able to describe the instrument—although not properly part of the appellate record—because Mrs. Stein has been allowed by us to obtain it from the District Clerk and present it to us in a Supplemental Transcript upon which she insisted, despite correct representation by officers of the court to her that it was improper or in any event unnecessary. For its preparation she expended $213.00, charged as part of the costs of appeal.

 Of course, when a case is dismissed for want of prosecution it is rare that there would be any legal premise for its dismissal "with prejudice" since ordinarily the cause of action of such a case might be refiled under another case and number. If the termination is involuntary, as in the usual case of dismissal for want of prosecution, the addition of the surplus words would be improper. 20 Tex.Jur.2d, p. 230 "Dismissal, Etc.", Sec. 42, "As bar to subsequent suit." Where something more than a dismissal was made the order and judgment, an appeal therefrom would be reversed. Burger v. Young, 78 Tex. 656, 15 S.W. 107 (1890). But parties to a law suit may settle their differences, and pursuant thereto agree that there might be a dismissal of the suit "with prejudice" to its being refiled, present their agreement in that regard to the court, and obtain an order reciting the agreed upon dismissal "with prejudice". Interesting questions obviously might be posed relative to the question of the existence of correctible clerical or uncorrectible judicial error in this very case were the question before us for determination. However, since it is not any discussion would be academic.

 The appellants, or at least Mrs. Stein, insist that the causes of action under Cases Nos. 68–265 and 17,776, dismissed

"with prejudice" on August 10, 1970, presented the same causes of action for taxes sued upon by the School District and City in the instant case. The answer to complaint because of the denial of admission into evidence such prior order of dismissal is simple. Any error which might have been existent in consequence of its exclusion was not preserved to be brought forward on appeal by any bill of exceptions. Necessary to any such bill, under the circumstances, would have been the introduction of the dismissal order plus other evidence relative thereto introduced out of the presence of the jury for purposes of the bill of exceptions. There was not a compliance with this requirement. It is apparent that the same cause of action might have been the subject of the trial on the merits of the case from judgment in which the appeal has been taken. Yet that fact was not proven by any bill of exceptions and on appeal the presumption would be that there was no such identity. The same presumption would obtain relative to the identity of parties. Even if there had been an introduction of the instrument upon a bill of exceptions, yet without evidence that the parties and causes of action in the cases which were dismissed were identical to those in the case on trial, no possible reversible error could be said to have been evidenced. It is apparent that error in this regard, if any, was not raised and preserved for purposes of the appeal.

■ In our careful examination of each point of error, and the record in light thereof, we do find complaint of the allowance of attorney's fees by instructed verdict rather than by the determination of such through any fact finding of the jury. Of course, since the face of the record evidences the fact that the court rather than the jury found the amount of such attorney's fees fundamental error would seem to be involved.

Under V.A.T.S., Art. 7345b, "Suits for delinquent taxes by taxing units", Sec. 6, "Costs and expenses; approval by court",

is provision made in tax suits such as this that in the event of judgment for delinquent taxes the tax agencies obtaining such shall be entitled, among other relief, to "such *reasonable attorney's fees* as may be incurred . . . not exceeding ten per cent (10%) of the amount sued for, such attorney's fees to be subject to the approval of the court. . . ." (Emphasis supplied.)

The meaning of the provisions of the aforesaid Article and Sec. 6 thereunder is that the fact finder in any particular case is entitled and obliged to decide the dollar amount of "reasonable attorney's fees" upon proof thereof introduced upon trial. Any judgment therefore must be limited to 10% of the amount sued for. That limitation is subject to further reduction upon the exercise of the discretion of the trial court. But if a jury is the fact finder in such a case the question of reasonable attorney's fees must be resolved by the jury, absent waiver, etc. This is the effect of the holding in City of Houston v. McCarthy, 371 S.W.2d 587, 591 (Houston, Tex. Civ.App., 1963, writ ref., n. r. e.), and cases cited.

■ As a consequence we have a judgment for taxes, and for foreclosure of tax lien in order to satisfy the judgment in that regard which judgment is to be affirmed,—plus the further *in personam* judgment for attorney's fees which is to be reversed. The problem is to determine whether the matters are severable so that the taxing authorities' suit for attorney's fees alone may be the subject of remand for purpose of retrial.

Undoubtedly the[7] School District and City are entitled to attorney's fees in some amount. We believe the circumstances of the case are sufficiently analogous to those in Great American Reserve Insurance Co. v. Britton, 406 S.W.2d 901 (Tex.Sup., 1966), and Boaz Well Service, Inc. v. Carter, 437 S.W.2d 38 (Fort Worth, Tex. Civ.App., 1969, no writ hist.), to demonstrate severability of claims and to justify

severance under provisions of Texas Rules of Civil Procedure, rule 434, "If Judgment Reversed". Consequently there may be an affirmance of the judgment in all respects other than as applied to the matter of attorney's fees, with a reversal and remand of the judgment for trial of their proper amount. This is accordingly ordered and done.

Except for points of error applicable to the matter of attorney's fees all others have been severally considered and are overruled as not presenting matter warranting reversal of the judgment of the trial court.

At the insistence of the defendant, Mrs. Stein, acting for herself and the other defendants, a supplemental transcript was directed to be prepared and brought forward as part of the record in this court along with the original transcript and statement of facts. Of this we have made mention previously. The $213.00 cost of this transcript was not a necessary part of the record on appeal and she was so advised by officers of the court. Nevertheless it was made a part of the appellate record at her insistence. As part of the costs of the appeal this entire $213.00 is assessed against the appellants, one-half against Mrs. Stein, Individually and as Administratrix, one-quarter against Barbara Dian Meyer, and one-quarter against Bob Lee Minyard. The costs of appeal other than this $213.00 are assessed as follows: one-quarter against the Lewisville Independent School District, one-quarter against the City of Lewisville, one-quarter against Mrs. Betty M. Stein, Individually and as Administratrix of the Estate of R. L. Minyard, Deceased, one-eighth against Barbara Dian Meyer, and one-eighth against Bob Lee Minyard.

Judgment is affirmed in all respects other than as to attorney's fees, and judgment is reversed and remanded as applied to such fees. Severance is directed so that only the cause of action for attorney's fees is remanded for another trial.