Boyd RODGERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–02–080–CR.

Court of Appeals of Texas, Waco.

May 22, 2002.

Boyd Rodgers, Edinburg, pro se.

John W. Segrest, McLennan County District Attorney, Waco, for Appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## ABATEMENT ORDER

PER CURIAM.

Boyd Rodgers filed a *pro se* motion for forensic DNA testing and appointment of counsel under the provisions of chapter 64 of the Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. arts. 64.01–.05 (Vernon Supp.2002). The court denied the motion, and Rodgers appealed.

Rodgers has filed a motion requesting that we abate this appeal for appointment of counsel. For the reasons expressed in an abatement order we recently issued in *Gray v. State*, we grant the motion. *See Gray v. State*, 69 S.W.3d 835, 837 (Tex. App.—Waco 2002, order).

Accordingly, we abate this appeal to the trial court to determine whether Rodgers is indigent. The court shall: (1) conduct a hearing on the question of his status as an indigent person, to be held within twenty-one days after the date of this order; (2) if the court determines that he is indigent, appoint counsel to represent him in this appeal; (3) make and file appropriate findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record; (4) cause the record made at the hearing, if any, to be transcribed and included in a supplemental reporter's record; and (5) cause these supplemental records to be filed with the Clerk of this Court within seven days after the date of the hearing.

Justice GRAY dissenting.

GRAY, Justice, dissenting.

If we are going to throw the rule book away because a defendant is acting as their own lawyer, then we should expressly state that so litigants understand what we are doing. When dealing with individuals who are acting as their own lawyer it is sometimes frustrating because they may not follow the rules. We know what the individual is trying to do. We know how to do it. It would be quicker and easier for us to either ignore the rule or simply take on the role of the advocate and do whatever it is that needs to be done. But if we ignore the rules, or become the advocate, we have given the individual that is not represented by counsel, more rights than the individual that is represented by counsel. *Baughman v. Baughman*, 65 S.W.3d 309, 312 (Tex.App.—Waco 2001, pet. denied); *accord Faretta v. California*, 422 U.S. 806, 835 n. 46, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex.1978); *Holt v. F.F. Enterprises*, 990 S.W.2d 756, 759 (Tex.App.—Amarillo 1998, pet. denied); *Stein v. Lewisville Independent School District*, 481 S.W.2d 436 (Tex. Civ.App.—Fort Worth 1972, writ ref'd n.r.e.), cert. denied, 414 U.S. 948, 94 S.Ct. 272, 38 L.Ed.2d 203 (1973). In our system, this should not be tolerated.

What is lacking in this situation is providing copies of documents to opposing counsel. It is a simple matter. A party must serve any document tendered for filing on the opposing party or counsel. TEX.R.APP. P. 9.5. Rodgers has failed to serve any document tendered for filing.

Rodgers wants DNA testing of biological evidence. *See* TEX.CODE CRIM. PROC. ANN. arts. 64.01–.05 (Vernon Supp.2002). His motion for DNA testing indicated that a copy had been provided to the district clerk. In the unique arena of requests for DNA testing this may be all that is required. TEX.CODE CRIM. PROC. ANN. art.

64.01 (Vernon Supp.2002). If the motion for DNA testing is submitted in proper form to the convicting court, it is then the convicting court's duty to provide a copy of the motion to the attorney representing the State. TEX.CODE CRIM. PROC. ANN. arts. 64.01–.02 (Vernon Supp.2002). The motion for DNA testing was denied.

Rodgers attempted to file a notice of appeal. *See* TEX.R.APP. P. 25.2. It appears the original was erroneously sent to the clerk of this Court. *Id.* at 25.2(b)(1). Attached to this document is a carbon copy of the motion Rodgers filed with the district clerk requesting DNA testing. When the clerk of this Court acknowledged receipt of the notice of appeal, the clerk sent Rodgers a copy of a blank docketing statement form and advised Rodgers that a docketing statement must be completed, filed, and served on the District Attorney. The clerk also noted in the letter to Rodgers, that his notice of appeal failed to contain proof of service on the District Attorney. The notice of appeal has never been filed by the clerk of this Court nor served on the District Attorney.

In his response to the clerk's letter, Rodgers did not explain why he could not make a carbon copy of the notice of appeal to serve upon the District Attorney. But Rodgers did indicate the prison unit does not allow him to use a copy machine, thus, he cannot photocopy the docketing statement form in order to make a copy to serve upon the District Attorney. Rodgers explained that if we would provide him a blank copy of the form, he would manually prepare a duplicate and serve the District Attorney. The docketing statement has not been filed by the clerk of this Court nor served on the District Attorney.

Also in his response to the clerk's letter, Rodgers asked for the appointment of counsel to assist him in this appeal. Although Rodgers included in his response a "certificate of service," just like the certificate of service on the other tendered documents, it only certifies that a copy has been served on, or mailed to, the clerk of this Court. The majority is apparently treating this response as a motion for the appointment of appellate counsel because they are abating this matter for a determination of indigency for that purpose. But the "motion" has never been filed by the clerk of this Court nor served on the District Attorney.

Thus, the District Attorney, who was never served with the notice of appeal, the docketing statement, or the "motion" for appointed counsel, has obviously not had an opportunity to respond to the "motion" before the rendition of the order by the majority. This matter is simply not in the procedural posture to take the action that the majority is taking.

It may take awhile to get this case to the proper procedural posture with a criminal defendant who is acting as his own lawyer, but the rules are there for a reason. The rules provide the framework in which we operate. The rules are the framework in which litigants are expected to operate. When we allow one individual to avoid the rules, we grant special privileges, and every litigant would then be entitled to ask and have answered: "If you made a special rule for Boyd Rodgers, why not for me?"

I would continue to work with Rodgers until the notice of appeal and "motion" are properly filed and served. I would then give the District Attorney time to respond to the "motion." Only then would I consider granting the relief requested. Because the majority ignores the rules and grants Rodgers relief before the opposing side has been served and had the opportunity to be heard, I respectfully dissent.