**Andrew CRAWFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 10–06–00269–CR.

Court of Appeals of Texas,
Waco.

May 9, 2007.

Andrew Crawford, New Boston, pro se.

John W. Segrest, McLennan County Dist. Atty., Waco, for The State of Texas.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

### OPINION

PER CURIAM.

Appellant has filed a motion to dismiss this *pro se* appeal. *See* TEX.R.APP. P. 42.2(a); *McClain v. State*, 17 S.W.3d 310, 311 (Tex.App.-Waco 2000, no pet.) (per curiam). We have not issued a decision in this appeal. The Clerk of this Court has sent a duplicate copy to the trial court

clerk.[1] *Id.* Accordingly, the appeal is dismissed.

Chief Justice GRAY dissenting.

Justice VANCE concurs in the judgment with a note.[*]

TOM GRAY, Chief Justice, dissenting.

As I have said before, if the majority is going to throw the rule book away, then they should tell the world so litigants, and I, for that matter, understand what we are doing. *See Rodgers v. State*, 78 S.W.3d 616, 617 (Tex.App.-Waco 2002, order) (Gray, J., dissenting). We seem to know what the rules are because we have applied them before—even in this appeal. I don't mind applying the rules. What I do mind is the majority's schizophrenic choice to apply them to some issues or proceedings but not to others based upon factors which I cannot identify, determine, assess, or evaluate. *In re Long*, 211 S.W.3d 481 (Tex.App.-Waco 2007) (Gray, C.J., dissenting to order).

In this appeal, Andrew Crawford appealed a trial court's order which purports to allow the payment of court costs, fees, etc. from Crawford's inmate trust account. The amount of costs, however, is significantly higher than what was presented in the original certified Bill of Costs. When we asked for briefing on several areas of concern regarding the appeal, Crawford asked for an extension of time to file his brief. It was not served on the parties to the appeal as required by the rules of appellate procedure. The clerk informed Crawford that the motion was not served and gave him 14 days to provide a proper

---

1. The Clerk also sent a duplicate copy to the prosecuting attorney.

* (Because Crawford filed a motion to voluntarily dismiss his appeal, I fully join this opinion. I further note that we may soon decide whether a petition for writ of mandamus is an appropriate vehicle to challenge the validity of an order issued without notice or hearing that results in money being withdrawn from an inmate's trust account by the Institutional Division of the Texas Department of Corrections.)

proof of service. That is consistent with the rules, TEX.R.APP. P. 9.5(d), and therefore is fine with me.

Crawford, still acting as his own attorney, has now tendered for filing a "motion to dismiss" his appeal. It, too, was not served on any other party to the appeal. Apparently that is okay with the majority. It is not with me.

This is no ordinary appeal. It is the first of several that we have docketed where the trial court has recently ordered an amount of money to be withdrawn from the inmate's trust account. The amount to be withheld is higher than the amount reflected in the original judgment and bill of costs. Several serious questions are raised by this appeal. For instance, how do we docket this appeal? We have traditionally docketed proceedings that are "closely connected" to a criminal case as a criminal proceeding. Texarkana has docketed this particular kind of appeal as a civil proceeding. *See Abdullah v. State*, 211 S.W.3d 938 (Tex.App.-Texarkana 2007, no pet.). Crawford requested the appointment of counsel. If this is a criminal appeal, as the majority previously held, *Crawford v. State*, No. 10-06-00269-CR, 2006 Tex.App. LEXIS 10983, 2006 WL 3759204 (Tex.App.-Waco, Dec. 20, 2006), *withdrawn*, No. 10-06-00269-CV, 2007 Tex.App. LEXIS 1073, 2007 WL 475455 (Tex.App.-Waco Feb. 14, 2007, order)[1], we need to address why there is no counsel, *i.e. Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). We also need to address if it is an order that can be appealed and if so, whether a certificate of the right to appeal has been completed. If it is not an order that can be appealed, *Faretta* and the requirement for

certificate of the right to appeal are unnecessary concerns for us.

If, however, this is a civil appeal, the filing fee, for the appeal and the two motions presented by Crawford, has not been properly addressed. Of course, we have already informed Crawford that we do not typically collect fees in criminal appeals. It seems to me that to properly proceed, the majority of this Court must at least address the issue of whether it is a civil or criminal proceeding, even to dismiss it.

Also, given the nature of the issue and that he has asserted he cannot afford an attorney and cannot file a brief, this is a proceeding in which I would seriously consider notifying Crawford of our intent to address the issue without an appellant's brief, and notify the State that if it wants to file a brief in response it is free to do so.[2] We did it before; why not now?

Justice Vance concurs in the majority's dismissal but wanted to add a note about what "we may soon decide." I do not know what comfort Crawford may draw from that statement, but it would provide no comfort to me to know that while my due process rights had been violated that the Court "may soon decide" whether some other person's rights were protected by using some other procedure. I would want to know: what about protecting my rights using the procedure I used?

I still adhere to what I stated five years ago: "It may take awhile to get this case to the proper procedural posture with a criminal defendant who is acting as his own lawyer, but the rules are there for a reason. The rules provide the framework in which we operate. The rules are the framework in which litigants are expected

---

**1.** Because of the importance to understanding this dissenting opinion, I have attached the original majority opinion and my dissenting opinion as Appendix A and B respectively.

**2.** We should request briefing from the parties in light of the Texarkana opinion in *Abdullah v. State*, 211 S.W.3d 938 (Tex.App.-Texarkana 2007, no pet.).

to operate." *Rodgers v. State*, 78 S.W.3d 616, 618 (Tex.App.-Waco 2002, order) (Gray, J., dissenting). And when we do not follow the rules, our opinions lack the consistency and the predictability that litigants deserve. Without consistency and predictability, our efforts to have a quicker, cheaper, more understandable judicial system will never materialize.

Because the majority dismisses this appeal without first addressing the issues which are precursors to a proper disposition, I dissent.

### APPENDIX A

Andrew Crawford seeks to appeal a post-conviction order under section 501.014(e) of the Government Code requiring that a certain percentage of the funds in his inmate trust account be withdrawn and paid toward the court costs and fees which were incurred during his prosecution.[1] Because this is a criminal law matter and because no statute authorizes such an appeal, we will dismiss the appeal for want of jurisdiction.

Section 501.014(e) of the Government Code provides:

> On notification by a court, the department shall withdraw from an inmate's account any amount the inmate is ordered to pay by order of the court under this subsection. The department shall make a payment under this subsection as ordered by the court to either the court or the party specified in the court order. The department is not liable for withdrawing or failing to withdraw money or making payments or failing to make payments under this subsection. The department shall make withdrawals and payments from an inmate's account under this subsection according to the following schedule of priorities:
>
> (1) as payment in full for all orders for child support;
>
> (2) as payment in full for all orders for restitution;
>
> (3) as payment in full for all orders for reimbursement of the Texas Department of Human Services for financial assistance provided for the child's health needs under Chapter 31, Human Resources Code, to a child of the inmate;
>
> (4) as payment in full for all orders for court fees and costs;
>
> (5) as payment in full for all orders for fines; and
>
> (6) as payment in full for any other court order, judgment, or writ.

TEX. GOV'T CODE ANN. § 501.014(e) (Vernon 2004).

Uncertain of our jurisdiction and in response to Crawford's motion for appointment of counsel, this Court requested briefing by the parties on the following issues:

> (1) whether a defendant is entitled to court-appointed counsel under these circumstances; (2) whether there are any administrative procedures which must be exhausted before an order under section 501.014(e) can be appealed; (3) whether an order under section 501.014(e) can be appealed in any event; and (4) if so, who are the proper parties to that appeal.

Only the prosecuting attorney has responded to this request for briefing.[2] In

---

1. Crawford was convicted of aggravated robbery and sentenced to 18 years' imprisonment pursuant to a plea bargain in February 2004. The court signed the order Crawford now seeks to appeal in July 2006.

2. Crawford requested an extension of time to respond but did not serve a copy of his request on the State. The Clerk of this Court notified Crawford by letter dated October 31, 2006 that all pleadings must include proof of

this response, the prosecuting attorney contends that an order under section 501.014(e) is not an appealable order. We agree.

This Court has appellate jurisdiction in a criminal case [3] only when expressly provided by law. *Kelly v. State,* 151 S.W.3d 683, 685 (Tex.App.-Waco 2004, no pet.); *Ex parte McGregor,* 145 S.W.3d 824, 825 (Tex. App.-Dallas 2004, no pet.); *Sanchez v. State,* 112 S.W.3d 311, 311 (Tex.App.-Corpus Christi 2003, no pet.) (per curiam); *Everett v. State,* 82 S.W.3d 735, 735 (Tex. App.-Waco 2002, pet. dism'd); *see also Rushing v. State,* 85 S.W.3d 283, 285 (Tex. Crim.App.2002) (right to appeal "is derived entirely from statute"). No statute authorizes an appeal from an order under section 501.014(e).

Therefore, we dismiss the appeal for want of jurisdiction.[4]

FELIPE REYNA

Justice

Before Chief Justice Gray, Justice Vance, and Justice Reyna

(Chief Justice Gray dissenting)

Appeal dismissed

Opinion delivered and filed December 20, 2006

[CR25]

### APPENDIX B

The determination of what constitutes a civil appeal versus a criminal appeal is, for the lack of a better description, a mess.

This is not the case in which I will endeavor to sort it out. But Crawford has a valid complaint; and if this is not a civil appeal, based upon the majority ruling, where does he go to get relief? Would Crawford file a petition for writ of mandamus against the trial court to compel the trial court to withdraw the order?

### THE PROBLEM

In the trial court's original judgment, costs were assessed at $198.00 according to the "Attached Bill of Cost." The original judgment was signed on February 4, 2004. Appeal was waived. No appeal was attempted.

On July 28, 2006, the trial court signed an "Order," which starts as follows:

**GREETINGS:**

THE ABOVE named Texas Department of Criminal Justice Institutional Division has of this date been assessed court costs, fees and/or fines in the District Court of McLennan County, Texas, as above entitled. Thereby, court costs, fees and/or fines have been incurred as represented in the certified Bill of Costs attached hereto in the amount of *$1,142.00.*

THE COURT ORDERS that payment be made out of the offender's Inmate Trust Account as follows:

There was no certified Bill of Costs attached to the order. The order then instructs the Department regarding the measure and procedure by which to take

---

service, ordered Crawford to provide proof of service for his extension request within 14 days, and informed Crawford that his extension request may be struck if he failed to comply. See TEX.R.APP. P. 9.4(i), 9.5(d). Crawford has never responded to this notice.

3. This is a criminal case because it is " 'closely connected' with the criminal case in which appellant was convicted." *See Kutzner v. State,* 75 S.W.3d 427, 429 (Tex.Crim.App.

2002); *Kelly v. State,* 151 S.W.3d 683, 685–86 (Tex.App.-Waco 2004, no pet.).

4. Because this Court does not have jurisdiction to entertain such an appeal, we do not address the other issues identified in the request for briefing. *See Chavez v. State,* 183 S.W.3d 675, 680 (Tex.Crim.App.2006) (appellate court "must dismiss a prohibited appeal without further action, regardless of the basis for the appeal").

money from Crawford's inmate account and concludes as follows:

> THE COURT ENTERS THIS ORDER pursuant to **Government Code, Section 501.014,** on this *28* day of **JULY, 2006.**

Because this order expressly states it is entered pursuant to Government Code section 501.014, to there I went to see what support for it I could find. I found that the court could order payment to either the court or another person, but I did not find any authority for the court making the order to modify the amount of costs assessed against a defendant in a judgment that was otherwise final.

Based upon correspondence to the district clerk, which is in the clerk's record, it is clear that Crawford is complaining about the amount that has been ordered paid from his account as court costs, rather than the procedure by which it is going to be taken. Having pled guilty and waived the appeal of a judgment in which only $198.00 was assessed as costs, and now having had that amount increased to $1,142.00, I too would be looking for a way to appeal. The trial court clerk's response to Crawford references a bill of cost. The bill of cost referred to by the clerk is not part of the record. Further, the letter states that the county is authorized "to garnish your Inmate Trust Fund." If this is a garnishment proceeding, it has more of the characteristics of an action to collect on a judgment—that makes it seem more like a civil proceeding.

It appears to me, based upon the clerk's record that has been filed, that the July 28, 2006 order is essentially a nunc pro tunc order, adding in to the original costs the attorney and investigator fees. Because the trial court has essentially granted this modification of the judgment, it appears to me that the defendant would have the right to appeal.

After the entry of the plea bargain, the entry of judgment based on that plea bargain, and waiver of the right to appeal that judgment, the trial court has changed the judgment.

I would have the trial court complete a certification of the right of appeal for this post-waiver, nunc pro tunc order, and proceed to address the merits of whether the trial court can, at this late date, increase the judgment for costs from $198.00 to $1,142.00.

Because the majority dismisses this appeal for want of jurisdiction, I dissent.

TOM GRAY

Chief Justice.

Dissenting opinion delivered and filed December 20, 2006.

Publish