IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00104-CV

 

Augustus Jerome Mayes,

                                                                                    Appellant

 v.

 

Charles O'Reilly,

                                                                                    Appellee

 

 



From the 52nd District Court

Coryell County, Texas

Trial Court No. CAC-04-35566

 



DISSENTING Opinion










 

            I am still looking for something in
this proceeding, anything, that has any of the characteristics of an
appellant’s brief.  I find nothing.

            Persons who choose to represent
themselves are entitled to some latitude in construing the meaning of their
pleadings.  Wheeler v. Green, 157 S.W.3d 439, 444 (Tex. 2005); Mansfield
State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978); Baughman v.
Baughman, 65 S.W.3d 309, 312 (Tex. App.—Waco 2001, pet. denied). They are
not, however, entitled to the procedural or substantive advantage obtained by
failing to adhere to the rules of procedure or the substantive law.  Id.  See Holt v. F.F. Enterprises, 990 S.W.2d 756, 759 (Tex. App.—Amarillo 1998, pet. denied).

Background

            This suit was brought by an inmate
against a prison guard.  The inmate asserts that he had a contract with the
guard that was breached.  The alleged contract was that the guard would pay the
inmate $500,000 for the use of the inmate’s name.  The guard moved for summary
judgment on the basis, supported by affidavit, that there was no such
contract.  The inmate did not file a response.  The trial court granted summary
judgment.  The inmate appealed.  

The Appeal

            The inmate has filed nothing that
resembles a brief.  See Tex. R.
App. P. 38.1.  Other courts do not seem to have a problem in requiring
compliance with the rules by pro se appellants.  See e.g. In re
Brooks, No. 07-07-0252-CV, 2007 Tex. App. LEXIS 5304 (Tex. App.—Amarillo July 5, 2007, orig. proceeding); Herrera v. Bombardier Capital, Inc., No.
04-04-00404-CV, 2005 Tex. App. LEXIS 775 (Tex. App.—San Antonio Feb. 2, 2005,
no pet.) (mem. op.).  But a majority of this Court has not required substantial
compliance with the rules.  See e.g. Crawford v. State,
No. 10-06-00269-CR, 2007 Tex. App. LEXIS 3614, *2-7 (Tex. App.—Waco May 9, 2007, no pet.) (Gray, C.J., dissenting); In re Long, 211 S.W.3d 481
(Tex. App.—Waco 2007, order) (Gray, C.J., dissenting); Rodgers v. State,
78 S.W.3d 616, 617-618 (Tex. App.—Waco 2002, order) (Gray, J., dissenting).

 

 

Future Course of
Proceedings

            After notice to the inmate that his
appeal would be dismissed for want of prosecution unless a proper brief is
filed, so that we are compliant with the rules of appellate procedure, Tex. R. App. P. 38.8(a)(1), barring
something that at least looks like a brief, Tex.
R. App. P. 38.1, I would dismiss the appeal.  

Conclusion

            Because the majority addresses the
merits of issues not properly before us, I dissent.

 

                                                                                    TOM
GRAY

                                                                                    Chief
Justice

 

Dissenting opinion delivered and filed July 18,
2007






 and Rashan Daniels on
December 14, 2000. Terrance Rischer was inside the home when the police entered. After
Rischer refused to cooperate with an officer ordering him to the floor, he was pushed to the
ground. The officer testified that Rischer reached his arms out and then grabbed the corner of the
couch. Cocaine was found under the couch where Rischer’s hands had been. At trial, Daniels
testified that McElroy told her that the drugs belonged to Rischer and therefore he should “take
this charge.” Rischer testified that McElroy asked him to take the blame because he had no prior
record.
Hearsay Testimony
      In point one, Rischer argues that the trial court erred in admitting hearsay testimony. 
Specifically, he argues that Daniels’s testimony about statements made to her by co-defendant
McElroy do not meet the requirements of the statement against interest hearsay exception. 
      Daniels testified that after McElroy was released from jail he told her that Rischer should take
this charge because the drugs belonged to Rischer. McElroy told her he knew the drugs belonged
to Rischer because he sold them to him. Rischer objected to this testimony and a hearing was
conducted outside the presence of the jury. The trial court overruled his objection and admitted
the testimony as a statement against interest.
Applicable Law
      In order for a declaration against interest to be admissible under Rule 803(24) of the Texas
Rules of Evidence, the statement must be self-inculpatory with corroborating circumstances to
indicate the trustworthiness of the statements. See Dewberry v. State, 4 S.W.3d 735, 751 (Tex.
Crim. App. 1999); Bingham v. State, 987 S.W.2d 54, 56-57 (Tex. Crim. App. 1999). An
admission against a co-defendant declarant’s interest can be admissible against the defendant so
long as it is sufficiently against the declarant’s interest to be reliable. See Dewberry, 4 S.W.3d
at 751 (citing Williamson v. United States, 512 U.S. 594, 603, 114 S. Ct. 2431, 129 L. Ed. 2d
476 (1994).
      The corroboration of a statement against interest must be sufficiently convincing to clearly
indicate the trustworthiness of the statement. See Dewberry, 4 S.W.3d at 751. The courts have
considered a number of factors in reviewing evidence of corroboration of the statement: (1)
whether guilt of the declarant is inconsistent with guilt of the defendant; (2) whether the declarant
was so situated that he might have committed the crime; (3) the timing and spontaneity of the
declaration; (4) the relationship between the declarant and the party to whom the statement is
made; and (5) the existence of independent corroborative facts. Id.; see also Bingham, 987
S.W.2d at 58; Davis v. State, 872 S.W.2d 743, 749 (Tex. Crim. App. 1994).
Analysis
      We first examine whether McElroy’s statements to Daniels were sufficiently self-inculpatory. 
The record reflects that McElroy’s statements inculpated both himself and Rischer in the delivery
of cocaine. Because McElroy’s statements implicated him in the possession and delivery of
cocaine, this Court concludes that his statements were sufficiently self-inculpatory to be reliable. 
See Dewberry, 4 S.W.3d at 751.
      We next review whether there was sufficient corroboration of McElroy’s statements. First,
McElroy’s statement that he knew the cocaine belonged to Rischer because he sold it to him is
consistent with the guilt of both men. Second, Rischer and McElroy were in the residence
together, and thus, McElroy was so situated that he might have committed the crime. Third, the
timing and spontaneity of the statement indicates the trustworthiness of the statement. The
statement was made by McElroy as he picked up Daniels from jail. The voluntary statement,
although made several days after the arrest, was not the product of coercion or questioning. 
Fourth, McElroy’s incriminating statements were made to his live-in girlfriend, and thus, he had
no reason to believe that statements made to her would be used against him.
      Finally, the State offered evidence corroborating McElroy’s statement. Officer Craig testified
that upon entering the home McElroy ran into the kitchen. Craig testified that he pushed Rischer
to the ground and he had his hands stretched out in front of him by the couch “like he was trying
to shove something away from him.” Officer Busby testified that cocaine was found under the
couch near where Rischer’s hands had been. Officer Oates testified that over $400 cash was found
thrown behind the microwave where McElroy had fled. The evidence corroborates McElroy’s
statement to Daniels that he had sold cocaine to Rischer.
      We conclude that the corroborative facts and evidence demonstrating the other factors indicate
McElroy’s statements were trustworthy and reliable under Rule 803(24). See Davis, 872 S.W.2d
at 749. Thus, the hearsay accounts of McElroy’s statements were admissible.


 Accordingly, point
one is overruled.
Sufficiency of the Evidence
      In point two, Rischer argues that the evidence is insufficient to support his conviction. Rischer
argues that the State must prove more than his mere presence in the vicinity of the contraband to
support his conviction for possession of the cocaine discovered under the couch.
      Rischer does not specify whether his challenge is to the legal sufficiency, the factual
sufficiency, or both. In such an instance, we first look to the argument and authorities presented
in the brief to dictate whether an issue challenges the legal or factual sufficiency of the evidence
or both. See Brown v. State, 35 S.W.3d 183, 187-88 (Tex. App.—Waco 2000, pet. ref’d). 
Otherwise, we will construe a general sufficiency challenge as a challenge to only the legal
sufficiency of the evidence. Id. We also may look to the relief requested for guidance. Id. 
Rischer’s argument and authorities do not give us clear guidance as to whether he is challenging
the legal sufficiency, factual sufficiency, or both. However, because he requests relief in the form
of reversal and acquittal, and uses the term “legal sufficiency” in his prayer for relief, we will
construe his challenge for legal sufficiency. See Hoffman v. State, 922 S.W.2d 663, 671 & n. 6
(Tex. App.—Waco 1996, pet. ref’d).
Legal Sufficiency Standard
      In reviewing a legal sufficiency challenge, we view the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. See Lane v. State, 933 S.W.2d 504, 507 (Tex.
Crim. App. 1996); Quinton v. State, 56 S.W.3d 633, 641 (Tex. App.—Waco 2001, no pet.).
Applicable Law
      To prove drug possession, the State must show (1) a defendant exercised care, custody,
control, or management over the drugs, and (2) that he knew he possessed a controlled substance. 
See Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995) (en banc). When a defendant
is not in exclusive possession or control of the place where the drugs are found, the State must
affirmatively link the defendant with the drugs. Id. at 748. Factors which have been considered
affirmative links include: (1) presence when the search was executed; (2) contraband in plain view;
(3) proximity to and accessibility of the contraband; (4) accused under the influence of contraband
when arrested; (5) accused’s possession of other contraband when arrested; (6) accused’s
incriminating statements when arrested; (7) attempted flight; (8) furtive gestures; (9) odor of the
contraband; (10) presence of other contraband; (11) accused’s right to possession of the place
where contraband was found; and (12) drugs found in an enclosed place. See Gill v. State, 57
S.W.3d 540, 544-45 (Tex. App.—Waco 2001, no pet.); Derrow v. State, 981 S.W.2d 776, 779
(Tex. App.—Houston [1st Dist.] 1998, pet. ref’d). Despite this list of factors, there is no set
formula necessitating a finding of an affirmative link, but rather, affirmative links are established
by the totality of the circumstances. See Hyett v. State, 58 S.W.3d 826, 830-31(Tex.
App.—Houston [14th Dist.] 2001, pet. ref’d); Porter v. State, 873 S.W.2d 729, 732 (Tex.
App.—Dallas 1994, pet. ref’d).
Evidence
      Officer Craig testified that upon entering the home he saw Rischer standing by the end of the
couch. Craig ordered him to the ground, but Rischer turned his back to Craig. Craig stated that
Rischer was talking on his phone and “doing something with his hands.” After Rischer continued
to ignore Craig’s orders, he shoved Rischer to the ground. Rischer began crawling away from
Craig and “had his hands stretched out in front of him laying on the ground like he was trying to
shove something away from him.” Craig was present when Officer Busby discovered the cocaine
under the couch just a few inches from where Rischer’s hands were earlier. Craig also testified
that McElroy had run into the kitchen during the execution of the warrant. He testified that he did
not see McElroy throw anything as he ran. Officer Oates discovered over $400 cash behind a
microwave in the kitchen.
      Rischer testified that he had been in the house for just a few minutes when officers entered
to execute the warrant. He stated that he voluntarily laid on the ground after realizing that the
police entry was not a joke. He stated that his hands were not near the end of the couch as he laid
on the ground, but rather his feet were towards the end of the couch. He testified that he was
unaware of the cocaine under the couch until the police found it. Rischer further testified that
while in jail McElroy asked him to “take this charge” for him.Analysis
      Rischer argues the evidence is legally insufficient to support his conviction. The evidence
shows that Officer Craig saw Rischer’s hands inches away from the end of the couch where
cocaine was found moments later. He also stated that Rischer looked like he was trying to shove
something away from him as he laid on the ground. The following factors affirmatively linked
Rischer to the cocaine: (1) his presence in the residence when the search was executed; (2) his
proximity to and the accessibility of the contraband; (3) his furtive gestures; and (4) his arguable
attempt to flee by crawling away from officer Craig. See Gill, 57 S.W.3d at 544-45; Derrow, 981
S.W.2d at 779. Viewing the evidence in the light most favorable to the verdict, the evidence is
legally sufficient to support the jury’s finding that Rischer possessed cocaine. Lane, 933 S.W.2d
at 507; Quinton, 56 S.W.3d at 641.
      Accordingly, point two is overruled. 
      The trial court’s judgment is affirmed. 

                                                                         REX D. DAVIS
                                                                         Chief Justice
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed August 21, 2002
Publish
[CR25]