IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00329-CR

 

Robert L. Chavez,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2005-1153-C

 



MEMORANDUM  Opinion



 








            Appellant has filed a
motion to dismiss this appeal under Rule of Appellate Procedure 42.2(a).  See
Tex. R. App. P. 42.2(a); Crawford
v. State, 226 S.W.3d 688, 688 (Tex. App.CWaco 2007, no pet.) (per curiam).  We have not issued a decision
in this appeal.  Appellant personally signed the motion.  The Clerk of this
Court has sent a duplicate copy to the trial court clerk.  Id. 
Accordingly, the appeal is dismissed.

                                                                                                PER
CURIAM

Before Chief
Justice Gray,

Justice Vance, and

Justice Reyna








Appeal
dismissed

Opinion
delivered and filed October 17, 2007

Do not
publish

[CR25]






'>Tex. R. App. P. 42.2;
McClain v. State, 17 S.W.3d 310, 311 (Tex. App.CWaco 2000, no pet.).

If Goddard expresses a desire to
proceed pro se, the trial court shall admonish him on the record “of the
dangers and disadvantages of self-representation.”  Tex. Code Crim. Proc. Ann. art. 1.051(g) (Vernon 2005); see
also Fewins v. State, No. 10-04-00189-CR (Tex. App.—Waco September 7, 2005,
order).  If the court determines that he has voluntarily and intelligently
waived his right to counsel, the court shall require him to execute a written
waiver of counsel which substantially complies with article 1.051(g).  Id.

Because the trial court must
admonish Goddard on the record regarding his right to self-representation and
because the court must ascertain whether Goddard still desires to prosecute his
appeal and determine whether any waiver of counsel is voluntarily and
intelligently made, Goddard must be afforded an opportunity to personally
participate in the abatement hearing.  This does not necessarily mean, however,
that he must personally appear at the hearing.

Frequently in civil litigation involving
prison inmates, trial courts permit the inmates to participate in hearings via
teleconference.  See In re Z.L.T., 124 S.W.3d 163, 165-66 (Tex. 2003).  We are aware of no reason why a similar procedure could not be employed here. 
Cf. Webb v. State, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976) (pro se
criminal appellant has no right to appear before appellate court and
present argument).  Any paperwork (e.g., waiver of appeal or waiver of
counsel) could be completed through the mail.  These of course are matters we
leave to the discretion of the trial court.

The trial court shall, within thirty
days after the date of this Order: (1) conduct the hearing; (2) cause a court
reporter to make a record of the hearing; (3) make appropriate orders and
findings of fact and conclusions of law; and (4) deliver any orders and
findings of fact and conclusions of law to the trial court clerk.  The trial
court shall inform Goddard’s counsel, or Goddard himself if pro se, that
his brief is due within thirty days after the date of the hearing.

The trial court clerk shall: (1)
prepare a supplemental clerk=s record containing all orders and findings of
fact and conclusions of law which the trial court renders or makes; and (2)
file the supplemental clerk=s record with the Clerk of this Court within
forty-five days after the date of this Order.

The court reporter shall prepare and
file a supplemental reporter’s record containing a transcription of the hearing
within forty-five days after the date of this Order.

           
                                                                 

PER CURIAM

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

          (Chief
Justice Gray concurs with a note:  Chief Justice Gray agrees to abate the case
pursuant to Rule 38.8(b).  Any elaboration beyond that is advisory only and is
not joined in by Chief Justice Gray.)

Appeal abated

Order issued and filed
September 14, 2005

Do not publish