## In re Carl LONG.

### In re Carl Long.

**Nos. 10–06–00235–CV, 10–06–00239–CV.**

Court of Appeals of Texas, Waco.

Sept. 27, 2006.

Carl Long, Ft. Stockton, pro se.

John H. Jackson, Corsicana, for Appellee/Respondent.

## DISSENTING OPINION

TOM GRAY, Chief Justice.

A dismissal for want of jurisdiction is the proper result based upon the petition and "record" as filed.

The complaints are that the district clerk will not file Long's pleadings.[1] Long

---

1. In 10–06–00235–CV, filed July 28, 2006, Long wants his petition against Tony Wright filed. From the allegations in the petition for writ of mandamus, it appears that by the pleading Long wants to sue Wright for intrinsic fraud and fraud on the court for allegedly telling "one lie after another" during an evidentiary hearing on a post-conviction petition for writ of habeas corpus. *See* Tex.Code Crim. Proc. Ann. art. 11.07 (Vernon 2005). None of the papers he allegedly sought to file were made part of a record in this original proceeding.

In 10–06–00239–CV, filed August 8, 2006, Long wants his civil suit against Elaine and Jorja Stout filed. The "Civil Action Complaint and Suit" that Long attached to only

one of the copies of his petition for writ of mandamus alleges the Stouts, operating "under color of State Policy and law" violated his "privileges and immunities." These witnesses allegedly failed to appear for the above referenced 11.07 writ hearing.

All of Long's complaints ultimately relate back to an alleged connection with a person he has identified, and had identified by the time of his criminal trial on the merits, as the confidential informant. This Court was sharply divided over whether the State's refusal to identify the confidential informant was error; a division which I fear is a catalyst for continuing division in subsequent but somewhat related proceedings. *See Long v. State,* 137 S.W.3d 726 (Tex.App.-Waco 2004, pet. ref'd) (manufacture of methamphet-

alleges this is because of an oral instruction from the district judge.[2]

We have no jurisdiction to compel the district clerk to act by writ of mandamus absent extraordinary and unusual facts not present here. *In re Simpson,* 997 S.W.2d 939 (Tex.App.-Waco 1999, orig. proceeding); *see* Tex. Gov't Code Ann. § 22.221(a) (Vernon 2004). The way to compel a district clerk to file something or properly get that failure before us for review if the district court is instructing the district clerk not to file something is discussed in the concurring opinion in *In re Bernard,* 993 S.W.2d 453, 454–55 (Tex.App.-Houston [14th Dist.] 1999, orig. proceeding) (O'Connor, J., concurring). The situation in *Bernard* is a fact pattern which is fundamentally analogous to this proceeding. That case is heavily relied upon by the majority to request a response. But the whole discussion in the concurring opinion in *Bernard* was to explain why the petition was being *denied* without the need for a response, and how to *properly* get the issue before the court for review.[3]

amine); *In re Carl Long,* No. 10–01–203–CV (Tex.App.-Waco July 25, 2001, orig. proceeding) (not designated for publication) (Long attempted to mandamus the district clerk to prepare and file a clerk's record relevant to his appeal.); *Long v. Phillips,* No. 10–04–00109–CV, 2004 Tex.App. LEXIS 6081, 2004 WL 1574625 (Tex.App.-Waco July 7, 2004, no pet.) (mem.op.) (Long attempted to file suit against two attorneys. The trial court signed an order directing the district clerk not to file the lawsuit, and Long appealed.); *Long v. Tanner,* 170 S.W.3d 752 (Tex.App.-Waco 2005, pet. denied) (After his conviction for manufacture of methamphetamine, Long filed suit against the lead criminal investigator in the case alleging fraud, violation of equal protection and due process, perjury, and aggravated perjury. The trial court dismissed Long's suit as frivolous.); and *Long v. Batchelor,* No. 10–04–00161–CV, 2005 Tex.App. LEXIS 5704, 2005 WL 1704328 (Tex.App.-Waco July 20, 2005, no pet.) (mem.op.) (After his conviction for manufacture of methamphetamine, Long sued the district attorney alleging fraud, prosecutorial misconduct, concealment of the truth, tampering with evidence, and withholding of favorable evidence. The trial court dismissed Long's suit as frivolous.).

2. Long has not alleged he tendered the district court filing fee or established his indigence. If he alleges his indigence, he will have to comply with Chapter 14 of the Texas Civil Practice and Remedies Code regarding inmate litigation. Of course, this proceeding will be moot if the petition is filed and dismissed for non-compliance with Chapter 14 or on its merits as frivolous under Chapter 14, though this Court refuses to distinguish the two. *See Long v. Batchelor,* No. 10–04–00161–CV, 2005 Tex.App. LEXIS 5704, *6–7, 2005 WL 1704328, at *2 (Tex.App.-Waco July 20, 2005, no pet.) (mem.op.) (Gray, C.J., dissenting). If he does tender the filing fee, Chapter 14 would be inapplicable and Chapter 13, related to dismissing suits as frivolous, would be applicable. Finally, if the trial court determines Long is a vexatious litigant pursuant to Chapter 11 and has entered a pre-filing order, Long has failed to show that the administrative judge has granted permission to him to file his litigation; and the filing by the clerk in that instance would certainly not be a ministerial act.

3. There has been some question whether the proper remedy is to deny the petition for writ of mandamus or whether the petition should be dismissed for want of jurisdiction. This Court has consistently dismissed petitions for a writ of mandamus when sought to compel the district clerk to perform an alleged ministerial act. *See In re Hayes,* No. 10–05–00304–CR, 2005 Tex.App. LEXIS 6986, 2005 WL 2044924 (Tex.App.-Waco Aug.24, 2005, orig. proceeding) (not designated for publication); *In re Perkins,* No. 10–04–00308–CV, 2004 Tex. App. LEXIS 9561, 2004 WL 2407225 (Tex. App.-Waco Oct.27, 2004, orig. proceeding) (mem.op.); *In re Owens,* No. 10–04–00276–CR, 2004 Tex.App. LEXIS 9372, 2004 WL 2365236 (Tex.App.-Waco Oct.20, 2004, orig. proceeding) (not designated for publication); *In re Long,* No. 10–01–00203–CV (Tex.App.-Waco July 25, 2001, orig. proceeding) (not designated for publication); *In re Simpson,* 997 S.W.2d 939 (Tex.App.-Waco 1999, orig. proceeding). Regardless of which of these camps, *deny v. dismiss,* ultimately is correct,

We are not Long's attorney. I see no need for anyone to have to pay for a response when the case law clearly holds that the proper result in this case is a dismissal of the petition for writ of mandamus for want of jurisdiction.

For this reason, I dissent to the waste of this Court's resources, the taxpayer's resources, and resources of private citizens. I am sure that, notwithstanding the existing case law, we can all look forward to some new and novel rules-of-law in this otherwise well established field when the petition is disposed of on its "merits." If

the majority is not going to create something new, including some arguments for Long that he is not currently making, there is absolutely no reason to request a response. We should dismiss the petition and be done with it unless and until Long properly presents the issue to us for consideration.[4]

it is clear that requesting a response is outside the boundary of either camp.

4. Inherent in the dismissal of the petition would be the use of Rule 2 of the Rules of Appellate Procedure to skip over the problems

of the failure to pay the filing fee or establish indigency and the failure to serve anyone with the petition. If the majority is going to go through the procedure of requesting a response, these failures should be addressed first.