**In re Carl LONG.**

**Nos. 10–06–00239–CV, 10–06–00235–CV.**

Court of Appeals of Texas, Waco.

Dec. 20, 2006.

Carl Long, Ft. Stockton, pro se.

John H. Jackson, Corsicana, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

**ORDER**

PER CURIAM.

On October 6, 2006, the Clerk of this Court received several documents from Relator Carl Long in the above-referenced original proceedings.

In No. 10–06–239–CV, the Clerk received and filed Long's "Motion to Show Relator Complies with Order Issued and Exhibit as Proof." The Court will treat this document as a supplemental record. TEX.R.APP. P. 52.7(b).

In No. 10–06–235–CV, the Clerk received, but inadvertently did not file, Long's "Motion to Submit Exhibits to Support Application for Mandamus and Order Issued by This Court." [1] The Clerk is ordered to file this document as a supplemental record, and the Court will treat it as such. TEX.R.APP. P. 52.7(b).

The Clerk marked as "received" the cover letter accompanying Long's Affidavit of Indigence and his inmate trust fund account print-out. The Clerk is ordered to file these documents in both No. 10–06–235–CV and No. 10–06–239–CV.

With regard to the above documents, we suspend the rule for proof of service (TEX.R.APP. P. 9.5) under these circumstances. *See* TEX.R.APP. P. 2; *see also Jones v. State,* No. 10–06–00289–CR, slip op. at 3, 2006 WL 3438574 (Tex.App.-Waco Nov.22, 2006, no pet. h.) (Gray, C.J.) (mem. op.) (not designated for publication) (suspending proof of service requirement in appeal involving incarcerated, pro se appellant). The Clerk shall mail copies of the above documents to Respondent on the

---

1. The dissent mischaracterizes a confidential, internal note that discusses not *circulating* internally Long's documents that are at issue in this order (his supplemental appendices) until the Respondent has filed responses to the petitions.

date of this order. Any supplemental responses to the petitions for writ of mandamus shall be filed within fourteen days of the date of this order.

Chief Justice GRAY dissenting.

How far will the majority pervert the rules to help Carl Long? A long, long, very long way.

Long, an inmate representing himself, has filed so many proceedings and documents that the requirements regarding paying fees and service on opposing parties should be routine. *See In re Long,* No. 10–06–00311–CV, 2006 Tex.App. LEXIS 9510 (Tex.App.-Waco Nov. 1, 2006, no pet. h.) (not designated for publication); *Long v. Batchelor,* No. 10–04–00161–CV, 2005 WL 1704328, 2005 Tex.App. LEXIS 5704 (Tex.App.-Waco July 20, 2005, no pet.) (mem.op.); *Long v. Tanner,* 170 S.W.3d 752 (Tex.App.-Waco 2005, pet. denied); *Long v. Phillips,* No. 10–04–00109–CV, 2004 WL 1574625, 2004 Tex.App. LEXIS 6081 (Tex.App.-Waco July 7, 2004, no pet.) (mem.op); *In re Carl Long,* No. 10–01–203–CV (Tex.App.-Waco July 25, 2001, orig. proceeding) (not designated for publication).

Nevertheless Long continues to fail to serve the documents that he files. Now rather than require compliance with the rule, the majority is just going to undertake to do it for him by making and forwarding copies of his filings to the respondent.

I noted in footnote 4 of my Dissenting Opinion to the request for a response that Long had not paid the filing fee nor established his indigency and had failed to provide proof of service that he had served anyone with the petition.[1] *In re Long,* 200 S.W.3d 866, 868 (Tex.App.-Waco 2006, order) (Gray, C.J., dissenting). The majority failed to address any of these problems in filing the petition and requesting a response. The problems are therefore repeating themselves.

An interesting event has occurred since September 27, 2006 when the request for a response and my dissenting opinion were issued. Apparently in response to the dissenting opinion, Long presented for filing various documents and motions. These are the documents being copied at taxpayer expense and mailed to the respondent by the majority. Long provided a notarized copy of his inmate account (for use in connection with both petitions?), what purports to be an affidavit of indigence (for use in connection with both petitions?), a copy of the "Civil Action Complaint and Suit" that he alleges he sought to file against Tony Wright (No. 10–06–00235–CV), a "Motion to Submit Exhibits to Support Application for Mandamus and Order Issued by This Court" (No. 10–06–00235–CV), a "Motion to Show Realtor [sic] Complies With Order Issued and Exhibit as Proof" (No. 10–06–00239–CV), and the "Order Directing Clerk not to Accept Filing" (related to the suit he sought to file against Jorja and Elaine Stout) (No. 10–06–00239–CV). None of these documents indicate that they were served upon the real party in interest or the respondent. As of November 27, 2006, the documents had not been filed or received, nor had they been acted upon by the Court, except in one interesting particular. These documents, which were physically received on October 6, 2006, have been withheld from circulation to the other judges "until we

---

1. It is ironic that Long has now requested information on whether the respondent has filed the response requested when he has consistently failed to serve other parties with documents he has filed.

get [a] response from [the] Respondent."[2] During this time, other proposed orders regarding this matter were being circulated. A collateral consequence was that the documents were also not timely filed by the clerk. After I drew attention to this problem, the "file" dates have been stamped and entered as if they were "filed" all along. But nevertheless, the Court's case management system reflects, even before the back dating, that on October 6, 2006 pauper status was granted to Long. I never had the opportunity to vote upon that determination.

Before we can grant pauper status to the petitioner, we should comply with the Rules of Appellate Procedure or explain why we are not going to comply with the rules. I can find no evidence of compliance with these procedures, or explanation, in the files related to this matter.

I also note that the respondent is the only entity from whom a response was sought. The real party in interest is apparently totally unaware that this proceeding is going forward. That seems to be a bit of a due process violation.

### CONCLUSION

It is not too late to do the right thing. For the reasons explained in my dissenting opinion from the request for a response, I believed then, and continue to believe now, that the proper disposition is to dismiss the petition for writ of mandamus for want of jurisdiction. *In re Long*, 200 S.W.3d 866 (Tex.App.-Waco 2006, order) (Gray, C.J., dissenting). There is still no record properly before us upon which we can properly grant the relief requested by the petitioner. I cannot join in the perversion of the process in the application of the Rules of Appellate Procedure.[3]

Based on the foregoing, I dissent to the Court's order because I would dismiss the petition.

---

2. Quoting what the majority has now characterized as "a confidential, internal note," I certainly understand why it would be so characterized. My question, which remains unanswered, is why was it necessary to have a "confidential, internal note" which kept documents presented by a litigant for filing from the other judges? It was only by way of a diligent review of the file while I was reviewing and considering another proposed order in the matter that I discovered a reference to the documents, tracked them down, and found on them the referenced note. I am still searching for some justification for the note, clarification of who should not have been privy to the documents, and why.

3. While a party representing themselves may be entitled to a liberal reading of their pleadings, they are not entitled to a procedural advantage. *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex.2005); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex.1978); *Foster v. Williams*, 74 S.W.3d 200, 202 (Tex. App.-Texarkana 2002, pet. denied); *Baughman v. Baughman*, 65 S.W.3d 309, 312 (Tex. App.-Waco 2001, pet. denied). The law, including the Rules of Appellate Procedure, applies equally to all litigants.