IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-06-00235-CV

 

In re
Carl Long

 

and

 

No.
10-06-00239-CV

 

in re
carl long

 

 



Original Proceedings

 



DISSENTING Opinion



 

How far will the majority pervert the rules to
help Carl Long?  A long, long, very long way.

Long, an inmate representing himself, has filed
so many proceedings and documents that the requirements regarding paying fees
and service on opposing parties should be routine.  See In re Long, No.
10-06-00311-CV, 2006 Tex. App. LEXIS 9510 (Tex. App.—Waco Nov. 1, 2006, no pet.
h.) (not designated for publication); Long v. Batchelor, No.
10-04-00161-CV, 2005 Tex. App. LEXIS 5704 (Tex. App.—Waco July 20, 2005, no
pet.) (mem. op.); Long v. Tanner, 170 S.W.3d 752 (Tex. App.—Waco 2005,
pet. denied); Long v. Phillips, No. 10-04-00109-CV, 2004 Tex. App. LEXIS 6081 (Tex. App.—Waco July 7, 2004, no pet.) (mem. op); In re Carl Long,
No. 10-01-203-CV (Tex. App.—Waco July 25, 2001, orig. proceeding) (not
designated for publication).








Nevertheless Long continues to fail to serve the
documents that he files.  Now rather than require compliance with the rule, the
majority is just going to undertake to do it for him by making and forwarding
copies of his filings to the respondent.

I noted in footnote 4 of my Dissenting Opinion to
the request for a response that Long had not paid the filing fee nor
established his indigency and had failed to provide proof of service that he
had served anyone with the petition.[1]  In
re Long, 200 S.W.3d 866, 868 (Tex. App.—Waco 2006, order) (Gray, C.J.,
dissenting).  The majority failed to address any of these problems in filing
the petition and requesting a response.  The problems are therefore repeating
themselves.

An interesting event has occurred since
September 27, 2006 when the request for a response and my dissenting opinion
were issued.  Apparently in response to the dissenting opinion, Long presented
for filing various documents and motions.  These are the documents being copied
at taxpayer expense and mailed to the respondent by the majority.  Long provided
a notarized copy of his inmate account (for use in connection with both
petitions?), what purports to be an affidavit of indigence (for use in
connection with both petitions?), a copy of the “Civil Action Complaint and
Suit” that he alleges he sought to file against Tony Wright (No.
10-06-00235-CV), a “Motion to Submit Exhibits to Support Application for
Mandamus and Order Issued by This Court” (No. 10-06-00235-CV), a “Motion to
Show Realtor [sic] Complies With Order Issued and Exhibit as Proof” (No.
10-06-00239-CV), and the “Order Directing Clerk not to Accept Filing” (related
to the suit he sought to file against Jorja and Elaine Stout) (No.
10-06-00239-CV).  None of these documents indicate that they were served upon
the real party in interest or the respondent.  As of November 27, 2006, the
documents had not been filed or received, nor had they been acted upon by the
Court, except in one interesting particular.  These documents, which were physically
received on October 6, 2006, have been withheld from circulation to the other
judges “until we get [a] response from [the] Respondent.”[2] 
During this time, other proposed orders regarding this matter were being
circulated.  A collateral consequence was that the documents were also not
timely filed by the clerk.  After I drew attention to this problem, the “file”
dates have been stamped and entered as if they were “filed” all along.  But
nevertheless, the Court’s case management system reflects, even before the back
dating, that on October 6, 2006 pauper status was granted to Long.  I never had
the opportunity to vote upon that determination.

          Before we can grant pauper status to
the petitioner, we should comply with the Rules of Appellate Procedure or
explain why we are not going to comply with the rules.  I can find no evidence
of compliance with these procedures, or explanation, in the files related to
this matter.

          I also note that the respondent is the
only entity from whom a response was sought.  The real party in interest is
apparently totally unaware that this proceeding is going forward.  That seems
to be a bit of a due process violation.

Conclusion

          It is not too late to do the right
thing.  For the reasons explained in my dissenting opinion from the request for
a response, I believed then, and continue to believe now, that the proper
disposition is to dismiss the petition for writ of mandamus for want of
jurisdiction.  In re Long, 200 S.W.3d 866 (Tex. App.—Waco 2006, order)
(Gray, C.J., dissenting).  There is still no record properly before us upon
which we can properly grant the relief requested by the petitioner.  I cannot
join in the perversion of the process in the application of the Rules of
Appellate Procedure.[3]

Based on the foregoing, I dissent to the Court’s
order because I would dismiss the petition.

 

                                                          TOM
GRAY

                                                           Chief
Justice

 

Dissenting
opinion delivered and filed December 20, 2006

Publish









[1]
It is ironic that Long has now requested
information on whether the respondent has filed the response requested when he
has consistently failed to serve other parties with documents he has filed.





[2] 
Quoting what the majority has now
characterized as “a confidential, internal note,” I certainly understand why it
would be so characterized.  My question, which remains unanswered, is why was
it necessary to have a “confidential, internal note” which kept documents
presented by a litigant for filing from the other judges?  It was only by way
of a diligent review of the file while I was reviewing and considering another
proposed order in the matter that I discovered a reference to the documents,
tracked them down, and found on them the referenced note.  I am still searching
for some justification for the note, clarification of who should not have been
privy to the documents, and why.





[3]
While a party representing themselves may
be entitled to a liberal reading of their pleadings, they are not entitled to a
procedural advantage.  Wheeler v. Green, 157 S.W.3d 439, 444 (Tex. 2005); Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978); Foster
v. Williams, 74 S.W.3d 200, 202 (Tex. App.—Texarkana 2002, pet. denied); Baughman
v. Baughman, 65 S.W.3d 309, 312 (Tex. App.—Waco 2001, pet. denied).  The
law, including the Rules of Appellate Procedure, applies equally to all
litigants.