**In re Carl LONG (Two Cases).**

**Nos. 10–06–00235–CV, 10–06–00239–CV.**

Court of Appeals of Texas, Waco.

Jan. 10, 2007.

Carl Long, Ft. Stockton, pro se.

**DISSENTING OPINION TO ORDER REGARDING STATE PAYMENT OF FEES**

TOM GRAY, Chief Justice.

The attached appendix is the order of this Court to which I dissent. Because it is done in the form of a letter order, I have attached it as an appendix to assist the reader in understanding this opinion.

I have a bit of a problem with the order.

The order represents strict enforcement of the procedural rules. That is not the problem. I do not mind strict enforcement of the rules. What I do mind is the majority's schizophrenic application of the rules based upon factors which I cannot identify, determine, assess, or evaluate.

I noted in footnote 4 of the dissenting opinion to the request for a response that Long had not paid the filing fee nor established his indigency and had failed to provide proof of service that he had served anyone with the petition. *In re Long,* 200 S.W.3d 866, 868 (Tex.App.-Waco 2006, order) (Gray, C.J., dissenting). The majority failed to address any of these problems in filing the petition and requesting a response.

So in the same proceeding, while the majority demands that the respondent's faxed motion for extension of time be paid for, they totally disregard the petitioner's failure to timely obtain indigent status.[1]

An interesting event has also occurred since September 27, 2006 when the request for a response and my dissenting opinion were issued. Apparently in response to the dissenting opinion, Long presented for filing various documents and motions. He provided a notarized copy of his inmate account (for both petitions?), what purports to be an affidavit of indigence (for both petitions?), a copy of the "Civil Action Complaint and Suit" that he alleges he sought to file against Tony Wright (No. 10–06–00235–CV), a "Motion to Submit Exhibits to Support Application for Mandamus and Order Issued by This Court" (No. 10–06–00235–CV), a "Motion to Show Realtor Complies With Order Issued and Exhibit as Proof" (No. 10–06–00239–CV),

---

1. It is ironic that Long has requested information on whether the respondent has filed the response requested when he consistently failed to serve the other parties with documents he has filed.

and the "Order Directing Clerk not to Accept Filing" (related to the suit he sought to file against Jorja and Elaine Stout) (No. 10–06–00239–CV). None of these documents indicate that they were served upon the real party in interest or the respondent. The documents were not timely filed, nor acted upon by the Court, except in one interesting particular. These documents, which were actually received on October 6, 2006, were withheld from circulation "until we get [a] response from [the] Respondent." *See In re Long,* 200 S.W.3d 866, 868 (Tex.App.-Waco 2006, order) (Gray, C.J., dissenting). But nevertheless, the Court's case management system reflects that on October 6, 2006 pauper status was granted to Long. I never had the opportunity to vote upon that determination. *Id.*

Before we can grant pauper status to the petitioner, we should comply with the Rules of Appellate Procedure or explain why we are not going to comply with the rules. I can find no evidence of compliance with these procedures, or explanation, in the files related to this matter.

I also note that the respondent is the only party, if you can call a person who has not been served a party, from whom a response was sought. The real party in interest is apparently totally unaware that this proceeding is going forward. That seems to be a bit of a due process violation. Further, I note that my complaint about the cost to the respondent to prepare the response is apparently coming to fruition because he has indicated that the volume of documents is quite large and, therefore, has requested additional time to prepare the response.

**2.** While a party representing themselves may be entitled to a liberal reading of their pleadings, they are not entitled to a procedural advantage. *Wheeler v. Green,* 157 S.W.3d 439, 444 (Tex.2005); *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184–85 (Tex.1978);

## CONCLUSION

It is not too late to do the right thing. For the reasons explained in my dissenting opinion from the request for a response, I believed then, and continue to believe now, that the proper disposition is to dismiss the petition for writ of mandamus for want of jurisdiction. *In re Long,* 200 S.W.3d 866 (Tex.App.-Waco 2006, order) (Gray, C.J., dissenting). There is still no record properly before us upon which we can properly grant the relief requested by the petitioner. Even if we do not dismiss at this stage of the proceeding, it is totally improper for the majority to require strict compliance with the rules by one party, and no compliance with the rules by the other party.[2] I cannot join in the perversion of the process and inequality in the application of the Rules of Appellate Procedure.

The absurdity of the "order" is further demonstrated by the fact that a State district judge is being dunned for advance payment of court costs when the State is exempt pursuant to Texas Civil Practice and Remedies Code 6.001. Therefore, based on the "order," no response is required.

Based on the foregoing, I dissent to the Court's letter order because I would dismiss the petition and assess all costs against Long.

## APPENDIX

Hon. John H. Jackson

Judge, 13th District Court

P.O. Box 333

*Foster v. Williams,* 74 S.W.3d 200, 202 (Tex. App.-Texarkana 2002, pet. denied); *Baughman v. Baughman,* 65 S.W.3d 309, 312 (Tex. App.-Waco 2001, pet. denied). The law, including the Rules of Appellate Procedure, applies equally to all litigants.

Corsicana, TX 75151–0333

**RE:** Court of Appeals Number: 10–06–00235–CV, 10–06–00239–CV

**STYLE:** In re Carl Long

Respondent's motion requesting an extension of time to respond to the petitions for writ of mandamus in the above-referenced original proceedings was filed on October 12, 2006.

The required filing fee of $10 for the motion filed in each of the above Court of Appeals Number is **PAST DUE.** *See* Tex. R.App. P. 5; Appendix to Tex.R.App. P., Order Regarding Fees (July 21, 1998).

The required fax filing fee of $10 in each of the above Court of Appeals Number is **PAST DUE.** *See* 10th Tex.App. (Waco) Loc. R. 8.

Unless you are exempt or file a proper affidavit in accordance with Texas Rule of Appellate Procedure 20, you are required to pay these fees.

Fees totaling $40 may be paid by check or money order, payable to the "Tenth Court of Appeals."

**Chief Justice Gray dissenting.**

Sincerely,

Sharri Roessler, Clerk

———————

By: Nell Hegefeld, Deputy Clerk

CC: Carl Long