In re Carl LONG.

No. 10–06–00311–CR.

Court of Appeals of Texas, Waco.

Jan. 24, 2007.

Carl Long, Ft. Stockton, pro se.

Lowell Thompson, Navarro County Dist. Atty., Corsicana, for appellee.

## CONCURRING OPINION IN RESPONSE TO MOTION FOR REHEARING

TOM GRAY, Chief Justice, concurring.

In what can best be characterized as a motion for rehearing filed December 18, 2006, Long makes a number of observations that evidences his misunderstanding of my concurring opinion. *In re Long,* 215 S.W.3d 483, (Tex.App.-Waco 2006, orig. proceeding) (Gray, C.J., concurring) (publish).

He first observes:

In the most revered and honored court in the United States, it is shown on the marble frieze over the main entrance of the "Supreme Court"—which the Justices face. It displays the Powers of Evil, Corruption, and Decit [sic] ... That is offset by the Powers of Good, Security, Charity, and Peace ... With Justice flanked by Wisdom and Truth.

Long then proceeds to argue that this Court, in particular that I, have "forgotten the true meaning of equal justice under the law, be it an inmate or citizen."

I observe that most inmates are citizens. But I understand Long to be arguing that the law should be applied equally to all

persons whether they are incarcerated or free. I agree.

Long was apparently confused by my use of lyrics from an old country and western song to support my legal argument. My argument was that the majority was violating the rules of appellate procedure and not applying the rules consistently to all litigants by the way they were deciding Long's motion for rehearing.

We should not decide a motion that has not been served in conformity with the rules of appellate procedure. The rules require service on opposing parties. We routinely require proof of service before proceeding to decide motions. Long's motion for rehearing did not contain proof of service; nevertheless, the majority proceeded to decide it in violation of the rules. I would not.

Furthermore, a court is not supposed to grant a motion for rehearing without requesting a response. No response was requested to Long's motion for rehearing. But the majority, without acknowledging that Long's motion for rehearing was correct and their original opinion was wrong, simply withdrew their original opinion, and issued a new opinion, thus violating another rule of appellate procedure. TEX.R.APP. P. 49.2.

As I said in my concurring opinion, I like rules that apply to everyone, and I do not like it when rules are ignored. Thus, I used the lyrics of a once popular song to draw attention to the majority's willingness to ignore the rules just to get to a quick disposition of Long's original proceeding.[1]

Long also complains about the line "Skip a rope." The lyrical expression "Skip a rope" was intended to convey that some people just continue to play along, being good ole' boys, and that they do not worry about following the rules. And that is the attitude to which I responded, that "I am not very good at skipping rope." I prefer to follow the rules to protect litigants and the system, even if it is more difficult and time consuming.

Long also asserts that in this Court's original opinion I failed to protect him and require the proper operation of the judicial system in connection with the use of an alleged confidential informant. He asserts that I just went along with the trial court's refusal to hold an in-camera hearing about the need to protect the identity of the confidential informant. Long asserts:

> The truth in this case, The informer manufactured meth. Then was allowed to run from the crime scene. It is right there in the record's [sic]. You chose to skip the rope . . Not the Appellant.

This allegation brings us back to where we started. At the trial on the merits there was no need for the court to hold an in-camera hearing about disclosing the identity of the informant. Knowing whether Robert Rios was, or was not, the informant did not prevent Long from presenting what he now argues is "the truth in this case." If the truth is what Long has repeatedly asserted, it is also what he has known all along, it is what he had the opportunity to present to the jury, and is the argument the jury rejected—that as he admitted in a letter to a jailer, he only

---

1. In separate correspondence, Long states that I "made the prejudice [sic] remark of the color of my skin." Again, Long's remark indicates a basic misunderstanding of the use of the lyrics of the song. It is precisely because things like incarceration or skin color should not impact the equal application of the rules that I was calling attention to the majority's failure to follow those rules. I agree with Long that as an officer of the court I have a duty to see that the law is applied equally. The majority's failure to do so is precisely what I was complaining about in my concurring opinion.

"helped" Robert Rios manufacture the methamphetamine.

In conclusion, unless and until Long provides proof that he served the motion for rehearing filed with this Court on December 18, 2006, I will not rule on it.