IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00084-CR

No. 10-07-00165-CV

No. 10-07-00166-CR

 

In re
Carl Long

 

 



Original Proceeding

 



DISSENTING Opinion










 

SERENITY PRAYER

 

        God, grant me the serenity to accept the
things I cannot change, courage to change the things I can, and wisdom to know
the difference. 

                                                                —Reinhold
Niebuhr (1892-1971)

        With
the serenity prayer in mind, I dissent.[1]

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Dissenting
opinion delivered and filed July 18, 2007




APPENDIX

 

Dissenting Opinion

[No. 10-07-00084-CR]

 

        Before I engaged in the time consuming
process of drafting something in response to the majority opinion of dismissal
I thought I would drop the author a note and make some observations. 
Those observations have now been edited and converted to the first part of this
dissenting opinion.  My hope in preparing the original note was that the
author would start over on this entire proceeding, as more fully explained
below.

The Note With
Observations[2]

        I did not at first pull the files
containing the pleadings or the correspondence file for this or any of the
other appeals mentioned in the majority opinion.  I had before me only
items that came with the proposed memorandum opinion.  The documents that
came with the draft opinion related to what is currently denominated as four
different proceedings in this Court.

        Those documents and the proceeding to
which they relate are as follows:

1. 
    A transmittal letter
addressed to the clerk.  This page is stamped received by the clerk of
this Court on March 16, 2007.  It was marked by Mr. Long with a file
number indicating that it related to 10-06-00311-CR.  It had, however,
been stamped with a docket number by the clerk of this court with a new docket
number of 10-07-00084-CR.  It was not filed by the clerk of this
court.  This document seeks no relief but references a NOA (notice of
appeal) filed with the trial court clerk with regard to two documents.  It
is unclear whether there was one or two NOAs filed.  There is none attached. 
The attachments are as follows:

 

a.     Attached to the transmittal letter is an
“Application for Writ of Attachment.”  From the style of this document, it
is clear that it was addressed to the district clerk and district court. 
Not only is this clear from the style, the salutation is “To the Honorable
District Clerks and To the Honorable Judge John H Jackson.”  Nevertheless,
it is stamped as being separately “filed” in this Court on March 20, 2007 and
the clerk of this Court stamped it with a docket number 10-07-00084-CR.
 The document had also been filed with the Navarro County District Clerk
and bears a file stamp there dated February 28, 2007.  The District
Clerk’s file stamp has, however, been x’d out.  (See item (d) below). 

 

b.     Also
attached to the transmittal letter is an “Application for Bill of Review and/or
Motion to Amend Request for New Trial Pursuant to CCP 40.001.”  From the
style of this document, it is clear that it, too, was addressed to the district
court.  Not only is this clear from the style, but the salutation is “To
the Honorable John H. Jackson.”  Nevertheless, it is also stamped as being
separately “filed” in this Court on March 20, 2007 in docket number
10-07-00084-CR.

 

c.      A document with the style “In Re: 
Attempted Filing of Civil Suit by Carl Long Against Paul Fulbright” titled
“Order Directing Refusal to File Suit and Return of Documents to Carl
Long.”  This document is annotated by Mr. Long.  It appears that the
original document, without the annotations, was filed by the District Clerk of
Navarro County on February 20, 2006.  The document does not have a docket
number, a received stamp, or a file stamp from the clerk of this Court.

 

d.     A
letter dated March 1, 2007 from the district court addressed to the clerk of
this Court.  The judge addressed it as related to the two mandamus
proceedings ultimately written by Justice Vance, 10-06-00235-CV and
10-06-00239-CV. 

 

e.     A
letter dated March 2, 2007 addressed to Carl Long from the district
court.  The judge addressed it as related to the district court’s criminal
cause number for Mr. Long.  It bears a district clerk file stamp dated
March 5, 2007.

 

2. 
    A “Motion for Explanation
of Why?  Judge Jackson Says Petitioner Is a Vexatious Litigant, and
Request the Establishment of the Prejudice of Judge, Jackson.”  This
document, prepared by Mr. Long, has a header with the docket number
10-06-00311-CR.  It has a received stamp by the clerk of this Court dated
March 16, 2007 and a file stamp dated March 20, 2007.  There is no docket
number on this document other than the one in the style, as assigned by Mr.
Long, which is 10-06-00311-CR.

 

        I also received the draft memorandum
opinion in 10-07-00084-CR and a copy of Judge Jackson’s March 19, 2007 “Order
Vacating Previous Order.”  This appears to have been something included in
the package to assist me in my review of the draft opinion because it is
referenced therein.

        Observations regarding various of the
above referenced documents follow.

1. 
    The transmittal letter: 

 

a.          
The letter notes the enclosure
of two documents to which NOAs had been filed with the district clerk.  It
does not ask the court to docket a new appeal in connection therewith.

 

b.         
The letter notes that three
copies of the “Motion for explanation…” are “Also enclosed for ‘filing’”. 
Thus, Mr. Long is asking that this motion be filed.  This is item 2 noted
above.  As best I can tell from this, this is the only document which is
being filed from which he is directly seeking relief by the filing of these
documents and he designated it as a motion to be filed in 10-06-00311-CR. 
He notes that the reason for the inclusion of the other documents is “to use
all the documents and letters enclosed with this motion as # exhibits [sic] to
support said motion ‘and appeal’”.  Then he says he wants all of these documents
filed and to send him the decision as soon as possible.  This last
statement needs to be taken in context, remembering that the only docket number
in which he wants any of this filed is 10-06-00311-CR.

 

c.          
Finally on this “‘Cover
Letter’”, as labeled and identified by Mr. Long, he asks us to do one more
thing.  “Also would you ‘please’ make the court a copy of the letter dated
March 1, 2007 to you from Judge Jackson and return my copy to me. [sic]  I
will need it for future litigation.”

 

2. 
    The opinion: 

 

a.          
The first paragraph of the
opinion is in reference to the two items and says his complaint is that the
district clerk will not file them.  This presents two problems. 
First, if that is what he is complaining about, those documents are not items
addressed to this Court and should not be filed by the clerk of this Court as
freestanding documents seeking relief.  Rather they should be, as Mr. Long
seeks to have them considered, exhibits to something else.  Second, Mr.
Long’s complaint, in this proceeding, is not that that the district clerk
refused to file these documents.  In “this proceeding” which is
10-06-00311-CR, not 10-07-00084-CR, he wants to use these as exhibits to his
motion.  He wants to use them in his appeal(s) too, but his appeal is
apparently not here yet. 

 

b.         
The second paragraph of the
opinion is in reference to the motion in which Long seeks to know why Judge
Jackson determined he was a vexatious litigant.  This paragraph is, in
fact, correct except that it implies that it is a separate proceeding.  It
is not.  This is only a motion filed in an existing proceeding,
10-06-00311-CR, not a separate proceeding now docketed as mandamus
10-07-00084-CR.

 

c.          
The next paragraph then
discusses a little history regarding only one of Long’s mandamus proceedings
and a part of the district judge’s response thereto.  A nice little ditty,
but it is both incomplete and irrelevant to the relief or ruling sought by Mr.
Long. 

 

d.         
The holding paragraph then
dismisses as moot a mandamus proceeding that Long did not file and that does
not rule on the relief he has sought.


 

        The “motion” that we should be ruling on
was set up in case management in docket number 10-06-00311-CR.  That is
the proceeding in which Mr. Long indicated the motion should be filed.  If
this is only considered as a motion, there is no reason that motion could not
simply be denied and end that issue now. 

        I guess the Clerk could send him back a
copy of the letter he requested, but I would also tell him that we do not
normally make copies for the parties and that this is the last time we will
make copies for him.

        And we could then have our Clerk make
inquiry of the district clerk to see if, in fact, there are one or more notices
of appeal filed in regard to the alleged failure to file the two exhibits
attached to the motions that will need to be set up as an appeal(s). 
Alternatively, we could just wait and see if they get forwarded to us as such
because Mr. Long does indicate they were actually filed by the district clerk.

        In addition to the writ-of-attachment and
the application-for-bill-of-review, the motion about why Mr. Long is declared a
vexatious litigant by the trial court is also set up in case management as a
pending motion in the new proceeding, 10-07-00084-CR.  Thus, the same
motion was docketed in two proceedings.  It is not ruled on by the opinion.

        After making the foregoing comments based
upon the documents provided with the draft opinion, I decided that, given the
confusion, I had better pull the pleading and correspondence files for
10-07-00084-CR and 10-06-00311-CR.  I could not find the correspondence
file for 10-06-00311-CR.  In the pleading file, I found a copy of the
motion with the new docket number in the file for 10-07-00084-CR, although the
copy being circulated with the opinion is not so stamped.  

        In the new proceeding that was set up as
an appeal, Mr. Long was sent the standard new-criminal-file letter and
docketing statement.  He returned it and said that this new criminal
appeal related to the attachments that had been provided with the earlier
mandamus, which would be the writ-of-attachment and the
application-for-bill-of-review that were also attachments to the motion. 
I still have not found what mandamus he is referring to unless it was
10-06-00311-CR, or possibly one of the two written by Justice Vance,
10-06-00325-CV and 10-06-00329-CV.  Basically, by the docketing statement,
Mr. Long has converted what should have been set up as a motion but was set up
as a criminal appeal to a new mandamus proceeding.  Thus, what is actually
the most important document to understand what is being done in the opinion,
which is Mr. Long’s docketing statement, was not being circulated with the
draft opinion but was left in the file.  I question if this new proceeding
would be properly denominated as a criminal proceeding with the designation
“CR” if the other two mandamus proceedings regarding the trial court
proceedings in which Mr. Long wanted to file documents with the district clerk
were designated as civil proceedings, “CV.”  But this whole thing is a
mess because we are letting Mr. Long get away with making a mockery of the
rules.  It is this type litigant where it is critical to proceed one step
at a time and why I advocated that only one chamber deal with this type of
repeat litigant.  That is what we have been doing in the
appeals/proceedings in which other repeat litigants are involved.  And that is
what we did in an appeal in which it was clear from the beginning that we had a
difficult litigant who refused to regard the rules as applying to proceedings
in which they were representing themselves, and who refused to respond as
requested to our notices and requests of this Court’s clerk.  In fact, it
was what we were doing in Mr. Long’s numerous proceedings until the two
mandamus proceedings were taken over by a different chamber and those two
requests for mandamus were granted rather than requiring Mr. Long to proceed in
the proper manner. 

        What I would do, after cleaning up the
filing and case management, with everything other than the motion and a copy of
the exhibits, is to return it all to Mr. Long and tell him we cannot tell what
he is requesting and that his motion filed in 10-06-00311-CR for an explanation
of why Judge Jackson determined him to be a vexatious litigant is DENIED, unless
our plenary power has expired, in which case I would tell him it is dismissed
because our plenary power has expired and we have no jurisdiction to grant any
relief in that proceeding.

        I asked the authoring justice if he would
consider cleaning up these proceedings, both as to what is in case management
and the opinion, before I have to do anything else in response to the draft
opinion in circulation.

        And this is where my original
communication and request to the authoring justice ended.  The authoring justice
rejected my request.

Where to Next?

        When my request was rejected, I conducted
a further examination of the files.[3] 
Upon further review I have determined that the following is what should be done
with the plethora of documents now presented to us by Mr. Long.

        The writ-of-attachment apparently relates,
though only generally, to the mandamus proceeding written on by Justice Vance
in 10-06-00239-CV.  That mandamus related to the district clerk’s refusal
to file a suit against Elaine and Jorja Stout.  The writ of attachment
sought to be filed by Mr. Long was a result of the trial court’s alleged
failure to require Mr. and Mrs. Stout to attend and give testimony at Mr.
Long’s habeas proceeding.  Mr. Long has properly denominated this document
as an exhibit to his motion and possibly as an exhibit to 10-06-00239-CV or a
new proceeding that has not yet been filed related to the district clerk’s
alleged refusal to accept the document for filing.[4] 
It is unclear if this document was filed in the habeas proceeding or not. 
What is clear is that this is not a document seeking a ruling from this Court,
because it is only an exhibit to some other request.  Giving the absolute
broadest construction to Mr. Long’s pleadings before this Court, in particular the
docketing statement filed in this proceeding, I believe Mr. Long is requesting
that the district clerk be compelled to file this writ-of-attachment, although
I am not sure in which proceeding Mr. Long wanted to file it.  Because
there is actually no live pleading before us in which Mr. Long articulates his
request, I would inquire of Mr. Long which of the numerous proceedings either
in the trial court, or this Court, to which this document relates, and what
relief he seeks with regard to it.

        The application-for-bill-of-review
apparently relates to Mr. Long’s effort to have the trial court reconsider its
prior ruling denying the requested disclosure of the informant in Mr. Long’s
criminal conviction.  Mr. Long has properly designated this document as an
exhibit to the motion.  By the docketing statement, it is clear that he
sought to file this document with the district clerk but it, too, was
rejected.  It is unclear whether the application was to have his habeas
corpus proceeding or his original criminal proceeding reconsidered.

        The motion-for-explanation-of-why presents
an entirely different problem for us and Mr. Long.  By the trial court’s
February 20, 2007 order in connection with Mr. Long’s attempt to file a civil
proceeding against Don Phillips, one of the attorneys who represented Mr. Long
and has subsequently been sucked into the vortex of these Long proceedings,[5]
Mr. Long has been declared a vexatious litigant.  It is critical to note
that this order was not before us in either of the prior mandamus proceedings
written on by Justice Vance in 10-06-00235-CV and 10-06-00239-CV.  There was
only one “order” in the file of either of these proceedings and it was not
properly in the record, but it was not the order that Mr. Long is now
complaining about.  And in Judge Jackson’s letter in response to the mandamus
proceeding, Judge Jackson only vacates one order.  The full text of Judge
Jackson’s order is as follows:

ORDER VACATING PREVIOUS ORDER

 

        Pursuant to the opinion of the Tenth Court
of Appeals in Nos. 10-06-00235-CV and 10-06-00239-CV, the Court hereby vacates
its previous order which directs the Clerk to reject further requests for
relief and lawsuits filed or to be filed by Carl Long.  The Clerk shall accept
such filings in the future and such matters shall be docketed accordingly.

        Carl Long is directed to resubmit such
suits as he deems proper.

        Although this Court is inclined to believe
that the Dissenting Opinion is a correct exposition of the circumstances and
applicable law, a cost/benefit analysis leads the Court to conclude that (1)
the requests of Mr. Long can be fairly and expeditiously considered by this
Court, (2) The Supreme Court of Texas has far more pressing issues to explore,
and (3) this Court is loath to deprive the Court of Appeals from its consideration
of Mr. Long’s future appeals.

        SIGNED the 19th day of March,
2007.

 

                                            John
H. Jackson, Judge

                                            13th
Judicial District

 

        Though titled as a motion, Mr. Long
clearly wants the propriety of that February 20, 2007 ruling determined. 
The determination by a trial court that a particular litigant is “vexatious”
and prohibited from filing future litigation is an order that is subject to
appeal.  Giving Mr. Long’s pleading its logical and intended effect, it is
a document by which Mr. Long seeks to have an order of a district judge
reviewed for propriety by an appellate court.  We normally call that
document a notice-of-appeal.  Mr. Long’s designation as a vexatious
litigant is an order that should have serious consequences for Mr. Long in his
quest to file future proceedings, as he has already indicated he intends to
do.  It is an order that is civil in nature, not criminal, and therefore,
it should not be the subject of this proceeding which has been designated
CR.  If, on the other hand, it is the subject of the majority opinion as
it appears that the majority has now made it, then it is certainly not moot as
the majority has determined.  By dismissing this proceeding, the trial
court’s February 20, 2007 determination declaring Mr. Long to be a vexatious
litigant remains the undisturbed ruling of the trial court.  And unless
the majority’s opinion is reviewed and reversed by a higher court, that
determination will be a determination that will soon become final for appellate
purposes.[6]

        Anyone who has followed the extensive
proceedings in which Mr. Long has been involved before this Court and the
members’ of this Court’s public disagreement over the nature and manner of the
disposition of these numerous proceeding may be surprised to find that I am of
the opinion that Mr. Long is entitled to a review and determination of whether
the trial court properly determined that Mr. Long is a vexatious
litigant.  The February 20, 2007 determination that Mr. Long is a
vexatious litigant is an order that Mr. Long has sought the review of by this
Court and the majority has held that the trial court’s determination that Mr.
Long is a vexatious litigant is moot.  It is not.  That ruling has not been
reviewed.

        Because it is impossible for me to
understand, much less agree with, what the majority is doing in this
proceeding, and because my lengthy note was unsuccessful in obtaining
clarification of what they are doing in this proceeding, I have no alternative
other than to lodge my dissent and await the time with patience until the
effect of their holding is manifested in subsequent proceedings pursued by Mr.
Long.









[1]  I have spent far more time on these proceedings
than they deserve or should require.  After reviewing the court’s opinion it
occurred to me that the more work I do to illuminate the problems the more that
is done to validate that which has already been proposed and decided upon.  To
assist the reader with understanding the legal analysis and fundamental
problems in these multiple proceedings, I have attached as an appendix the last
full draft dissenting opinion that I had distributed when there was only one
proceeding.  I trust that the reader of this work will therefore be able to
follow and understand my dissent.





[2]  The note, which initially was sent as an email
on April 6, 2007, had to be edited slightly to convert it to this format and
text appropriate for this dissenting opinion.  To the extent possible, it is
presented as delivered.





[3]  Little did I realize at the time I prepared my
initial response or my draft dissenting opinion that these files did not
contain three other “proceedings,” two of which had not been presented to our
clerk for filing, and one had been filed only as a motion.  Two of those
proceedings had been received on March 22, 2007 and the third indicates it was
received on February 26, 2007 but filed on January 26, 2007 (yes, it indicates
it was filed a month before it was received).  But in the throes of trying to
understand and grasp what the majority was doing in this proceeding, I found
these other proceedings, two of which are clearly unfiled mandamus proceedings
with a copy of the third proceeding which had been filed as a motion, although
it was a mandamus proceeding against our clerk for not filing his pleadings and
not responding to his correspondence.  The proceedings were lurking in the
office of the authoring justice’s staff attorney, after having been reviewed by
the other justice’s more senior staff attorney.  I do not know why these
proceedings had not been filed, processed, or otherwise acted upon, but there
will be rationalizations offered.  And they will probably wind up being filed
DOR (Date of Receipt) so, except for this, you would never know.

           Once I got over the frustration, anger, and disappointment
caused by this discovery, I had to laugh at the irony.  The irony that on March
14, 2007 a majority of this Court conditionally mandamused a trial court judge
because he prevented the district clerk from filing a proceeding and then a
week later, we received but did not file two proceedings.  It reminds me of the
age-old admonition “do as I say do, not as I do.”  I suspect that by the time
you read this, they will be filed, and possibly disposed of, but the irony lies
upon the air like the smell of wisteria blooms on a still night just as the
night turns to dawn – it is a smell you will never forget.

 





[4]  See prior footnote regarding the unfiled
mandamus proceedings.  In the transmittal letter with these two proceedings,
Mr. Long explains as follows:

 

COVER LETTER

 

DEAR
CLERK,

(1.) 
PLEASE FIND ENCLOSED FOR FILING A ORIGINAL AND 2 COPIES OF APPLICATION FOR
MANDAMUS AND DUE PROCESS RIGHTS AND FURTHER THE ESTABLISHMENT OF PREJUDICE OF
JUDGE JACKSON.

(2.)
ALSO ENCLOSED FOR FILING IS A ORIGINAL AND 2 COPIES OF APPLICATION FOR MANDAMUS
TO OBTAIN THE FINDINGS OF ATTORNEY AMANDA DOAN FROM THE TRIAL COURT.

(3.) 
ALSO ENCLOSED IS A EXHIBIT THE TRIAL JUDGE ORDER TO SUPPORT THE MANDAMUS’ES

(4)  
LAST WEEK I MAILED YOU A MOTION FOR EXSPLANATION WHY JUDGE JACKSON SAYS CARL
LONG IS A VEXATIOUS LITIGANT AND REQUEST THE ESTABLISHMENT OF PREJUDICE OF
JUDGE JACKSON.

(5.) 
ALSO WITH THIS MOTION WAS A APPLICATION FOR WRIT OF ATTACHMENT THE TRIAL COURT
DENIED

(6.) 
ALSO WITH THE MOTION WAS A BILL OF REVIEW THE TRIAL COURT DENIED

(7.) 
“I WOULD LIKE ALL THIS FILED WITH THE MANDAMUSES TO SUPPORT THE MANDAMUS”   “JUST
FILE IT ALL TOGETHER” “PLEASE”

FINALLY: MY
INDIGENCE HAS BEEN ESTABLISHED WITH THIS COURT AND                                NOTHING
HAS CHANGED.  I HAVE RECEIVED NO MONEY SINCE                         THE
ESTABLISHMENT. BUT IF I NEED TO RE-SUBMIT                                     APPLICATION
OF INDIGENCE I WILL “JUST PLEASE NOTIFY ME.”

I’M
SORRY I GOT AHEAD OF MYSELF ON FILING THESE DOCUMENTS JUST “PLEASE” PUT IT ALL
TOGETHER AND PRESENT IT TO THE COURT.  “AND NOTIFY ME IT ALL HAS BEEN FILED” “SORRY
FOR THE INCONVENIENCE”  “THANK YOU VERY MUCH FOR YOUR CONSIDERATION”

                                                           SINCERELY,

 

                                                           CARL
LONG #1001354

                                                           LYNAUGH
UNIT

                                                           1098 SO HWY 2037

                                                           FORT STOCKTON TX 79735





[5]  1.   Long v. State, No. 10-00-00305-CR,
137 S.W.3d 726 (Tex. App.—Waco 2004, pet. ref’d) (manufacture of
methamphetamine) (Vance, J., dissenting);

   2.   Long v. Wright, No. 10-01-00173-CV (Tex. App.—Waco Jan. 9, 2002, no pet.) (not designated for publication) (Long’s suit against lawyer
was dismissed under Chapter 14);

   3.   In re Carl Long, No. 10-01-00203-CV (Tex. App.—Waco July 25, 2001, orig. proceeding) (not designated for publication) (Long attempted to
mandamus the district clerk to prepare and file a clerk’s record relevant to
his appeal);

   4.   Long v. Phillips, No. 10-04-00109-CV, 2004 Tex. App. LEXIS 6081 (Tex. App.—Waco July 7, 2004, no pet.) (mem. op.) (Long attempted to
file suit against two attorneys.  The trial court signed an order directing the
district clerk not to file the lawsuit, and Long appealed);

   5.   Long v. Tanner, No. 10-04-00160-CV, 170 S.W.3d 752
(Tex. App.—Waco 2005, pet. denied) (After his conviction for manufacture of
methamphetamine, Long filed suit against the lead criminal investigator in the
case alleging fraud, violation of equal protection and due process, perjury,
and aggravated perjury.  The trial court dismissed Long’s suit as frivolous);

   6.   Long v. Batchelor, No. 10-04-00161-CV, 2005 Tex. App. LEXIS 5704 (Tex. App.—Waco July 20, 2005, no pet.) (mem. op.) (After his
conviction for manufacture of methamphetamine, Long sued the district attorney
alleging fraud, prosecutorial misconduct, concealment of the truth, tampering
with evidence, and withholding of favorable evidence.  The trial court
dismissed Long’s suit as frivolous.) (Gray, C.J., dissented to modification to
delete “with prejudice”);

   7.   In re Long, No. 10-06-00235-CV (Tex. App.—Waco Sept. 27, 2006, order) (ordering response to petition);

   8.   In re Long, Nos. 10-06-00235-CV and 10-06-00239-CV,
200 S.W.3d 866 (Tex. App.—Waco, dissent to order ) (by Gray, C.J.);

   9.   In re Long, No. 10-06-00239-CV (Tex. App.—Waco Sept. 27, 2006, order) (ordering response to petition);

  10.  In re Long, Nos. 10-06-00235-CV and 10-06-00239-CV, 209
S.W.3d 336 (Tex. App.—Waco 2006, order) (court mails documents to respondent
without proof of service) (Gray, C.J., dissenting);

  11.  In re Long, Nos. 10-06-00235-CV and 10-06-00239-CV,
211 S.W.3d 481 (Tex. App.—Waco 2007, dissent to order by Gray, C.J.) (dissent
to letter order requiring trial judge to pay fees);

  12.  In re Long, Nos. 10-06-00235-CV and 10-06-00239-CV,
2007 Tex. App. LEXIS 2021 (Tex. App.—Waco Mar. 14, 2007, orig. proceeding)
(Gray, C.J., dissenting) (petitions granted—trial court abused discretion in
ordering district clerk not to accept Long’s lawsuits for filing);

  13.  In re Long, Nos. 10-06-00235-CV and 10-06-00239-CV,
2007 Tex. App. LEXIS 2021 (Tex. App.—Waco Mar. 14, 2007, Gray, C.J., dissenting
to letter order issued regarding granting Long’s motion to submit new
evidence);

  14.  In re Long, No. 10-06-00311-CR, 2006 Tex. App. LEXIS
9510 (Tex. App.—Waco Nov. 1, 2006, withdrawn) (Gray, C.J., concurs without
separate opinion) (petition to compel judge to address and resolve issue
identified by CCA denied.  Long had an adequate remedy and did not avail
himself of it);

  15.  In re Long, No. 10-06-00311-CR, 2006 Tex. App. LEXIS
10548 (Tex. App.—Waco Dec. 6, 2006, order) (withdrawing opinion dated Nov. 1,
2006);

  16.  In re Long, No. 10-06-00311-CR, 2006 Tex. App. LEXIS
10546 (Tex. App.—Waco Dec. 6, 2006, orig. proceeding) (Gray, C.J., concurring)
(petition denied; Long seeks to have final felony conviction overturned; court
has no jurisdiction); and

  17.  In re Long, No. 10-06-00311-CR, 2007 Tex. App. LEXIS
564 (Tex. App.—Waco Jan. 24, 2007, Gray, C.J., concurring in response to Long’s
motion for rehearing) (publish).

 





[6] 
I doubt either the trial court or I would
delude ourselves into thinking that the majority will not subsequently argue
for Mr. Long that the trial court’s vacating order included the February 20,
2007 order, even though it was not before us in those proceedings and not
referenced in the trial court’s vacating order.